1998 ME 110

**Thomas R. CRAIG**

v.

**Estate of Thomas W. BARNES.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1997.

Decided May 14, 1998.

Michael R. Bosse (orally), James M. Bowie, Thompson & Bowie, Portland, for Canal Ins. Co.

Anne H. Cressey (orally), John S. Whitmam, Richardson, Whitman, Large & Badger, P.C., Portland, for Green Mountain Ins. Co.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶1] Canal Insurance Company appeals from a summary judgment entered in the Superior Court (Cumberland County, *Saufley*, J.) in favor of Green Mountain Insurance Company on the basis of Green Mountain's contention that Thomas Barnes was not an insured within the meaning of the automobile insurance policy issued to Barnes's fiancee, Mildred Solak. Canal contends that the Superior Court erred in finding that Barnes did not possess a reasonable belief that he was entitled to use the motor vehicle being operated by him at the time of his accident with Thomas Craig. We disagree and affirm the summary judgment.

I.

[¶2] The material facts of this case are undisputed. Barnes was the purchaser of a 1986 Pontiac GrandAm and was the only "owner" listed on its certificate of title. Barnes financed the purchase of the GrandAm with a secured loan and made the payments on that loan. However, Mildred Solak, Barnes's fiancee, testified in a deposition that Barnes had purchased the GrandAm as a gift for her. Solak kept the GrandAm at her home, registered it in her name, contracted with Green Mountain to insure it, and was the only person to drive it. The Green Mountain insurance policy named Solak as the only insured. Solak drove Barnes to and from his employment. Barnes had not possessed a valid driver's license for ten years because his license had been revoked due to his conviction of operating under the influence of intoxicants (OUI), and Solak had never known Barnes to drive either the GrandAm or anyone else's car. Solak testified that she would have refused to allow Barnes to drive the car had he sought permission to do so.

[¶3] On the night of the accident, Solak went to bed early. Barnes, who had been drinking, removed the car keys from Solak's pocketbook and took the car without her knowledge. While operated by Barnes, the GrandAm collided with the rear of a taxicab driven by Craig and insured by Canal. Barnes fled the scene of the accident and subsequently was arrested and charged with OUI. Barnes has since died from causes unrelated to the accident.

[¶4] Craig initiated this action against three defendants—Barnes's estate, Green Mountain, and Canal. Craig sought uninsured motorist benefits pursuant to Canal's policy. Craig also alleged that, at the time of the accident, Barnes was insured pursuant to Solak's policy issued by Green Mountain, and he sought benefits pursuant to that policy as well. Canal filed a cross-claim against Green Mountain, alleging that Barnes was insured by Green Mountain and seeking recoupment, indemnification, and contribution for any judgment that Craig should secure against Canal. Green Mountain moved for a summary judgment on Canal's cross-claim, arguing that Solak's policy did not extend coverage to Barnes. Canal also moved for a summary judgment, arguing that Barnes was an insured pursuant to Green Mountain's policy. The court granted a summary judgment in favor of Green Mountain, concluding that the exclusion in Green Mountain's policy denying coverage to any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so" applied to Barnes. This appeal followed.

II.

[¶5] A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party is entitled to a judgment as a matter of law on the basis of the

undisputed facts. *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 5, 704 A.2d 866, 868. "We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favorable to the party against whom the judgment has been granted." *Id.* Our review of the trial court's decisions on questions of law is de novo. *See Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach*, 676 A.2d 482, 484 (Me.1996).

[¶ 6] Solak's insurance policy issued by Green Mountain provided that Green Mountain "will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." The policy defines "[i]nsured" to include "[a]ny person using 'your covered auto.'" The policy then excludes from this general coverage any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so."

[¶ 7] A person lacks a reasonable belief that he or she is entitled to use a vehicle if that person: (i) knows that he or she is not entitled to use the vehicle; or (ii) lacks objectively reasonable grounds for believing that he or she is entitled to use the vehicle. *See, e.g., General Accident Fire & Life Assurance Corp., Ltd. v. Perry*, 75 Md. App. 503, 541 A.2d 1340, 1349 (Md.Ct. Spec.App.1988) (evaluating an exclusion stating, "[w]e do not provide Liability Coverage for any person . . . [u]sing a vehicle without a reasonable belief that that person is entitled to do so"), *cert. denied*, 313 Md. 612, 547 A.2d 189 (1988). In this case, the court concluded that Green Mountain did not establish that Barnes subjectively knew that he was not entitled to use the vehicle. The court determined, however, that Barnes lacked an objectively reasonable belief that he was entitled to use the GrandAm at the time of the accident.

[¶ 8] This determination was correct. Pursuant to the plain language of the "reasonable belief" clause, the court determines if "[a]ny person" is an additional insured by examining whether that person had a reasonable belief that he or she was entitled to use the vehicle. The court must consider any fact relevant to the objective reasonableness of that person's belief. Relevant facts may include his or her ownership of the vehicle, receipt of permission for use from the named insured, relationship to the named insured, prior usage of the vehicle, and legal entitlement to drive. No one fact is dispositive.

[¶ 9] In this case, the "[a]ny person" whose status as an insured is in dispute is the vehicle's operator. An operator of a vehicle uses that vehicle by operating it. As the court noted, the only facts that support an argument that Barnes could have reasonably believed that he was entitled to operate the GrandAm are his record ownership of the vehicle and his financing of it. By contrast, there are many facts that undermine the argument that Barnes possessed a reasonable belief that he was entitled to drive the car: Solak's testimony that Barnes presented the car to her as a gift; her sole possession of the car; her registration and insuring of the car in her name only; her testimony that only she drove the GrandAm and that she had never seen Barnes drive that or any other vehicle; her testimony that she would not have permitted Barnes to drive the car had he asked; Barnes's act of taking the car keys from Solak's purse while she was asleep without informing Solak that he was going to drive the car; and Barnes's failure over a ten-year period to complete the requirements necessary to obtain a reinstatement of his license. We agree with the court that these facts compel the conclusion that Barnes did not possess a reasonable belief that he was entitled to operate the GrandAm. As such, Barnes was not an "[i]nsured" pursuant to the Green Mountain policy.

## III.

[¶ 10] We reject Canal's contention that because Green Mountain employed the term "[u]sing" instead of "operating" in the "reasonable belief" clause, Green Mountain's policy is ambiguous as to whether Barnes's operation of the vehicle at the time of the accident was within the scope of coverage. Canal posits that if Barnes could have reasonably believed that he was entitled to "use" the GrandAm in any way, such as by being a passenger in the car, Green Mountain's poli-

cy must provide coverage for his operation of the vehicle at the time of the accident even if Barnes did not possess a reasonable belief that he was entitled to operate the vehicle. This proposition is untenable.

[¶ 11] Green Mountain's employment of "[u]sing" instead of "operating" in the "reasonable belief" exclusionary clause parallels its employment of "using" in its definition of "[i]nsured." This parallel usage reflects a recognition that one may use a motor vehicle without operating it. *See, e.g., Harrison v. Tomes*, 956 S.W.2d 268, 269 (Mo.1997) (en banc); *Gronquist v. Transit Cas. Co.*, 105 N.J.Super. 363, 252 A.2d 232, 235 (Law Div. 1969). For example, a person may have an objectively reasonable belief that he or she is entitled to use a motor vehicle as a passenger. A definition of "[i]nsured" that limited coverage to the vehicle's operator would inadequately address the circumstance in which an accident victim must seek recovery from a vehicle's passenger because the negligence of the passenger was the cause of the accident, and hence the passenger was "legally responsible" for the victim's damages.[1] Because Green Mountain's definition of "[i]nsured" is broad enough to encompass non-operating users, the parallel employment of "[u]sing" in the "reasonable belief" exclusion denies liability coverage to any person who makes a non-operational use of a vehicle without an objectively reasonable belief that he or she is entitled to do so. Green Mountain's attempt to provide a reasonable breadth of liability coverage does not create any ambiguity in the scope of that coverage.

 [¶ 12] "An insurance policy is ambiguous only if an ordinary person would not understand that the policy did not cover certain claims." *Maine Mut. Fire Ins. Co. v. Grant*, 674 A.2d 503, 505 (Me.1996). Solak's insurance policy provides that the insurer "will pay damages for 'bodily injury' or 'property damage' for which ... ["[a]ny person

using" the insured vehicle] becomes legally responsible because of an auto accident," unless that "[a]ny person" was "[u]sing [the insured] vehicle without a reasonable belief that that person [wa]s entitled to do so." At the time of the auto accident that caused Barnes to become legally responsible for the damages sustained by Craig, Barnes was operating the GrandAm without a reasonable belief that he was entitled to do so. An ordinary person would not read the "reasonable belief" clause to provide coverage to an operator of a vehicle, who becomes legally responsible for damages because of an accident, if that person did not reasonably believe that he or she was entitled to operate the vehicle.

[¶ 13] Canal cites our interpretation of the "scope of permission" omnibus clause[2] that formerly was standard in automobile insurance contracts, *see, e.g., Allstate Ins. Co. v. Lyons*, 400 A.2d 349 (Me.1979), to support its attempt to differentiate Barnes's potential "use" of the GrandAm as a passenger from his actual "operation" of that vehicle. Such reliance is misplaced. Although we acknowledged in our interpretation of the omnibus clause that the word "use" in an automobile insurance policy is not a synonym for "operation," *see id.* at 352, Barnes's operation of the GrandAm in this case constituted his "use" of that automobile. On these facts, there is no meaningful distinction between "use" and "operation."

[¶ 14] The Superior Court therefore did not err when it examined whether Barnes possessed a reasonable belief that he was entitled to operate the GrandAm.

The entry is:

Judgment affirmed.

---

1. *Cf. Home Indem. Co. v. Lively*, 353 F.Supp. 1191, 1194–95 (W.D.Okla.1972) (concluding that automobile liability insurers had duty to defend passenger who threw a bottle out of a moving vehicle at a pedestrian, because the injuries sustained by the pedestrian arose out of the passenger's " 'use' of the automobile in which he was riding," and because the passenger's use of the vehicle was with the permission of the vehicle's owner and within the scope of such permission).

2. Pursuant to the omnibus clause, "[a]ny other person" is an additional insured if the use of the vehicle "is with the permission of the named insured and within the scope of such permission...." *Allstate Ins. Co. v. Lyons*, 400 A.2d 349, 351 (Me.1979).