MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2015 ME 112
Docket:        Ken-14-236
Submitted
  On Briefs:   July 1, 2015
Decided:       August 13, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

KEVIN J. COLLINS

v.

DEPARTMENT OF CORRECTIONS

PER CURIAM

[¶1]   Kevin J. Collins appeals from the judgment of the Superior Court (Kennebec County, *Marden, J.*) dismissing, as untimely filed, his petition for judicial review of a final agency action pursuant to M.R. Civ. P. 80C and 5 M.R.S. §§ 11001-11008 (2014).   The Department of Corrections cross-appeals from the trial court's order waiving Collins's filing fee for this appeal, and the Department has moved to dismiss Collins's appeal to us as untimely and unperfected. *See* M.R. App. P. 4(c).   We dismiss the appeal.

I.  PROCEDURAL HISTORY

[¶2]   Collins is an inmate at the Maine State Prison.   He filed three grievances against the Department of Corrections relating to food services and the prison's telephone system.   On November 5, 2012, the Commissioner of the

2

Department of Corrections denied all three grievances. Collins received notice of the Commissioner's decision on that date.

[¶3] On December 5, 2012, thirty days later, Collins filed a petition for judicial review of a final agency action against the Department.[1] *See* 5 M.R.S. § 11002(3) (stating that petitions for review "shall be filed within 30 days after receipt of notice"); M.R. Civ. P. 80C(b). With his petition, Collins filed an application to proceed without payment of fees and an indigency affidavit, *see* M.R. Civ. P. 91, along with a cover letter stating that he would be sending a certified copy of his general client account statement, *see* 4 M.R.S. § 1058(1) (2014).

[¶4] Section 1058 specifies that no prisoner may obtain a waiver of a filing fee in an action that challenges "a condition of that person's confinement or the effect of an action or inaction by a government official on the life of that person," *id.*, but the prisoner may be relieved of the obligation to prepay the filing fee if the prisoner can demonstrate "that the action or appeal is not frivolous and has been brought in good faith and that the person is without sufficient funds to pay the filing fee," 4 M.R.S. § 1058(2) (2014). To be relieved of the obligation to prepay

---

[1] Collins named both the Commissioner and the Department of Corrections as "respondent[s]" in his petition, along with other "interested parties." The Commissioner was the named defendant throughout the trial court record. We have captioned the case such that the Department is the sole defendant, as the Commissioner had been alleged to have acted only in his official capacity.

the filing fee, the prisoner must file a certified copy of his or her general client account statement for the six months preceding the filing of the petition. 4 M.R.S. § 1058(1).[2] Although no copy of Collins's account statement had been filed, the clerk date stamped and docketed the petition and application.

---

[2] The relevant language of the statute is as follows:

**1. Prepayment of filing fee and certified copies required.** A person who is confined in a federal, state, county or local correctional or detention facility may not bring a civil action arising under federal or state law in any court in this State with respect to a condition of that person's confinement or the effect of an action or inaction by a government official on the life of that person confined and may not appeal a judgment in such a civil action without prepayment of the filing fee unless, in addition to the in forma pauperis application and affidavit required by the Maine Rules of Civil Procedure, Rule 91, that person submits a certified copy of the general client account statement for that person for the 6-month period immediately preceding the filing of the action or appeal, obtained from the appropriate official of each facility at which that person is or was confined.

**2. Waiver of prepayment of filing fee.** If the court finds that the action or appeal is not frivolous and has been brought in good faith and that the person is without sufficient funds to pay the filing fee, it shall order that prepayment of the full amount of the filing fee be waived. If the court denies the in forma pauperis application, the action or appeal must be dismissed without prejudice, unless within 7 days after the denial the person pays the filing fee to the clerk of the court.

**3. Full payment of filing fee required; initial partial filing fee.** *Notwithstanding subsection 2, the person shall pay the full amount of the filing fee.* The court shall assess the person's financial status and, when funds exist, collect as a partial payment of the filing fee an initial partial filing fee of 20% of the greater of:

**A.** The average monthly deposits to the general client account credited to the person for the 6-month period immediately preceding the filing of the action or appeal; or

**B.** The average monthly balance in the general client account for the person for the 6-month period immediately preceding the filing of the action or appeal.

4 M.R.S. § 1058(1)-(3) (2014) (emphasis added).

4

[¶5] On December 20, 2012, Collins filed a certified copy of his account statement for the preceding six months. After review, the court (*Nivison, J.*) ordered that payment of the filing fee be waived.

[¶6] Upon being served with the complaint several months later, the Department moved to stay the proceedings pending Collins's payment of the full $150 filing fee, arguing that Collins was required to pay the fee in installments pursuant to 4 M.R.S. § 1058 (2014), rather than have the fee waived entirely. Over Collins's objection, the court entered an order that reconsidered its earlier order waiving the filing fee, ordered Collins to pay the full filing fee within ninety days or risk dismissal, and granted the motion to stay pending payment of the filing fee. At the deadline, Collins completed payment of the filing fee.

[¶7] Shortly after Collins paid the filing fee, the Department moved to dismiss Collins's petition as untimely filed due to his failure to file his certified general client account statement within thirty days after receiving notice of the final agency action. *See* 4 M.R.S. § 1058(1); 5 M.R.S. § 11002(3); *Fournier v. Dep't of Corr.*, 2009 ME 112, ¶¶ 5-6, 983 A.2d 403. After accepting memoranda on the issue, the court (*Marden, J.*) held a hearing on the Department's motion, at which Collins appeared in person. When asked by the court whether he had read section 1058 before he filed his petition, Collins stated that he had "filed like fifty of these things already" so he "did what [he] had to do."

[¶8] On May 14, 2014, the trial court dismissed Collins's petition as untimely. Collins filed a notice of appeal on June 2, 2014, accompanied by an application to proceed without payment of fees and an indigency affidavit. Collins did not file a certified copy of his account statement for the six months preceding the appeal, as required by section 1058. The trial court waived the appellate filing fee, again despite the prohibition in section 1058.

[¶9] The Department filed a timely notice of appeal from the order waiving the filing fee, and it filed a motion to dismiss Collins's appeal for failure to file a new account statement for the six months preceding the appeal to us, arguing that he had thus failed to perfect his appeal. *See* M.R. App. P. 4(c).

## II. LEGAL ANALYSIS

[¶10] Appeals in civil actions, including appeals from judgments arising pursuant to 5 M.R.S. §§ 11001-11008 and M.R. Civ. P. 80C, must be commenced by filing a notice of appeal within twenty-one days after the judgment's entry. *See* 5 M.R.S. § 11008; 14 M.R.S. § 1851 (2014); M.R. Civ. P. 80C(m); M.R. App. P. 2(b)(3); M.R. App. P. 2(b)(5) (allowing an extension of time in only two circumstances, neither of which has occurred here). "Strict compliance with the time limits of M.R. App. P. 2(b) . . . is a prerequisite to the Law Court entertaining an appeal." *Bourke v. City of S. Portland*, 2002 ME 155, ¶ 4, 806 A.2d 1255.

6

[¶11]  A Rule 80C petition to the Superior Court is untimely filed if any statutorily mandated document is not filed within the time limit prescribed by 5 M.R.S. § 11002(3), including a certified copy of a prisoner's account statement, when required by 4 M.R.S. § 1058(1).  *Fournier*, 2009 ME 112, ¶¶ 5-6, 983 A.2d 403.  Likewise, an appeal to us is untimely if a prisoner wishes to appeal from a court's final decision in a civil action described by section 1058, seeks waiver of the requirement that he prepay the filing fee, and does not timely file a certified copy of his or her account statement for the six months preceding the appeal.  4 M.R.S. § 1058(1); M.R. App. P. 2(a)(1), (b)(3).

[¶12]  Because Collins's action related to "a condition of [his] confinement or the effect of an action or inaction by a government official on [his] life," Collins, if he sought waiver of prepayment of the filing fee, was required to file a certified copy of his account statement for the six months preceding his appeal to us.  4 M.R.S. § 1058(1).  Collins, although on notice, from his prior experience, of the need to file the certified copy of his account statement, did not file this document in a timely manner, and he has never filed an account statement to support his request that he be allowed to proceed without prepayment of the filing fee for this appeal.  As such, he has failed to comply with the timing requirements of the Maine Rules of Appellate Procedure, and he has failed to perfect his appeal.  *See* 4 M.R.S. § 1058(1); M.R. App. P. 2(a)(1), (b)(3); *Fournier*, 2009 ME 112, ¶ 6,

983 A.2d 403. Therefore, we must dismiss Collins's appeal pursuant to M.R. App. P. 4(c).

[¶13] Because we dismiss Collins's appeal, we also dismiss, as moot, the Department's appeal from the order waiving Collins's appellate filing fee. *Cf. Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994 (noting that a once-justiciable controversy may become moot upon the happening of subsequent events, depriving a litigant of an interest in an appeal).

[¶14] Finally, we note that best practice in such prisoner appeals would be for the State to file a motion to dismiss an apparently untimely petition at the outset of the proceedings, rather than cause the petitioner to pay the $150 fee and then move to dismiss the action.[3]

The entry is:

> Appeal dismissed.

---

**On the briefs:**

Kevin J. Collins, pro se, appellant

Janet T. Mills, Attorney General, and Diane E. Sleek, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Corrections

Kennebec County Superior Court docket number AP-2012-49
FOR CLERK REFERENCE ONLY

---

[3] *See* M.R. Civ. P. 12(b), which favors raising applicable defenses or grounds for dismissal at one time if several grounds may be asserted.