MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 132
Docket:       Yor-15-79
Submitted
 On Briefs:   September 28, 2015
Decided:      October 15, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

GENEVIEVE FLORES

v.

HAZEN OTIS

PER CURIAM

[¶1]   Genevieve Flores appeals from a judgment of the District Court (Springvale, *Janelle, J.*) granting her motion to modify a parental rights and responsibilities order in part, but leaving unchanged her obligation to pay Hazen Otis $100 per week in child support for their minor daughter.  Flores contends that the court miscalculated the child support due.  We dismiss the appeal as untimely filed.

I.  BACKGROUND

[¶2]  In August 2010, Flores filed a complaint for determination of parental rights and responsibilities concerning the parties' daughter.  In a series of orders that followed, Otis was awarded sole parental rights and responsibilities concerning the child, and Flores was ordered to pay Otis $170 per week in child

support.  In February 2012, Flores filed a motion to modify the parental rights and responsibilities judgment, requesting, inter alia, a recalculation of child support. Pending a hearing on the motion to modify, and by agreement, the court reduced Flores's child support obligation to $100 per week.

[¶3]    Following a hearing, the court issued an order dated September 5, 2013, that left in place Flores's $100 weekly child support obligation. In its order, the court noted that "[a]t the request of both counsel, the Court kept the record open until September 4, 2013 to allow counsel to submit proposed orders as well as updated child support worksheets and orders.  Notwithstanding their request, neither counsel submitted updated proposed orders or updated child support worksheets and child support orders."

[¶4]  Flores moved for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b).  The court made additional findings, dated January 23, 2014, and entered in the docket on January 29, 2014.  Concerning the issue of child support, the court said:

> In its September 5, 2013 Order the Court explained that it left in place its . . . Child Support Order because counsel failed to submit updated Child Support Affidavits.  Prior to entering the Courtroom, Counsel, in chambers, had represented to the Court that they would address the issue of child support by submitting updated child support affidavits for the Court's consideration.  They did not.  The Court continues to be willing to re-address child support if both parties submit, within 15 days of the docketing of these findings, updated Child Support Affidavits as previously discussed.

Accordingly, in order to have the court reconsider her child support obligation, Flores's updated child support affidavit was due by February 13, 2014.

[¶5] On February 20, 2014, one week after the court's deadline, Flores's attorney filed a letter dated February 18, 2014. The letter did not include an updated child support affidavit as directed by the court; rather, it attached a proposed order that "[r]eferenced . . . child support worksheets and affidavits that were admitted at the August 27, 2013 hearing by Ms. Flores." Thus, Flores directed the court's attention to affidavits that predated both the court's September 5, 2013, order and its additional findings of fact.

[¶6] In August 2014 and November 2014, Flores's attorneys filed letters with the court contending that the issue of child support was still pending a decision. On January 14, 2015, the court wrote on the August 2014 letter: "Reconsideration denied."

[¶7] On February 11, 2015, Flores filed a notice of appeal stating that she was appealing "from the judgment, order or ruling entered in this proceeding on September 5, 2013."

## II. DISCUSSION

[¶8] Pursuant to M.R. App. P. 2(b)(3), "[t]he time within which an appeal may be taken in a civil case shall be 21 days after entry of the judgment or order appealed from." The twenty-one-day period begins anew "from the entry of an

4

order . . . granting or denying . . . a motion under M.R. Civ. P. 52(b) to amend or make additional findings of fact." *Id.*

[¶9]  Here, the operative event from which to calculate the twenty-one-day appeal period is the docketing of the court's additional findings on January 29, 2014, meaning that Flores had until February 19, 2014, to notice her appeal.[1]  Because she did not do so until February 11, 2015, almost a full year after the deadline, her appeal is untimely and must be dismissed.  *See Collins v. Dep't of Corr.*, 2015 ME 112, ¶ 10, --- A.3d --- ("Strict compliance with the time limits of M.R. App. P. 2(b) . . . is a prerequisite to the Law Court entertaining an appeal." (alteration in original) (quotation marks omitted)).

[¶10]  Flores points to the February, August, and November 2014 letters from her attorneys, as well as the court's "[r]econsideration denied" notation on the August letter, as relevant events occurring after the court's entry of additional findings.  They are not, however, relevant to the calculation of the deadline for filing her notice of appeal.  There was no motion to reconsider pending after the additional findings were docketed, making the court's notation no more than a shorthand way of saying that it would not revisit the February 13, 2014, deadline that Flores had missed for filing an updated child support affidavit.  Furthermore, a

---

[1]  By rule, "[a] judgment or order is entered within the meaning of [M.R. App. P. 2] when it is entered in the docket."  M.R. App. P. 2(b)(1).

letter written to the court is not the equivalent of a pleading or a motion, and therefore it carries no weight in calculating or tolling time periods set forth in the rules.[2] *See* M.R. Civ. P. 7.

The entry is:

Appeal dismissed.

---

**On the briefs:**

Genevieve Flores, appellant pro se

Wendy Moulton Starkey, Esq., Rose Law, LLC, York, for appellee Hazen Otis

Springvale District Court docket number FM-2010-350
FOR CLERK REFERENCE ONLY

---

[2] Even if it were otherwise, the first letter was filed on February 20, 2014, a day after the deadline for Flores to notice her appeal.