Mcl

STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CUMSC-CV-15-437

HANOVER INSURANCE COMPANY, )
)
    Plaintiff/Counterclaim-Defendant, )
)
v. )
)
NATIONAL GENERAL INSURANCE )
COMPANY, )
)
    Defendant/Counterclaim-Plaintiff. )

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Presently before the court is Defendant National General Insurance Company's motion for summary judgment. For the following reasons, Defendant's motion for summary judgment is denied.

## I.    BACKGROUND

The following facts are not in dispute. This action for declaratory judgment arises out of a motor vehicle accident occurred on September 18, 2013. (Def. Supp. S.M.F. ¶ 1; Pl. Opp. S.M.F. ¶ 1.) Richard and Karen Jarry (the "Jarrys") were the owners of 2005 Jeep that was insured under a personal automobile insurance policy issued by Defendant. (*Id.* ¶ 3.) The Jarrys' adult son, Anthony Jarry, was an insured driver under the policy. (Pl. Add'l S.M.F. ¶ 17; Def. Reply S.M.F. ¶ 17.) At the time of the accident, Anthony Jarry was not permitted to drive the Jarrys' vehicle because his driver's license had been suspended. (Def. Supp. S.M.F. ¶ 12; Pl. Opp. S.M.F. ¶ 12.)

On September 18, 2013, Karen Jarry gave Kayla Bausha, a person she knew possessed valid driver's license, permission to drive the Jarrys' vehicle to take Anthony Jarry to a medical appointment. (*Id.* ¶ 13.) Bausha and Anthony Jarry were accompanied by Vaugh Hanson on the

drive to the medical appointment. (*Id.* ¶ 21.) En route to the medical appointment, Bausha drove the Jarrys' vehicle, with Anthony Jarry and Hanson as passengers, to the home of a friend of Hanson. (Pl. Add'l S.M.F. ¶ 25; Def. Reply S.M.F. ¶ 25.) After dropping Anthony Jarry off at his medical appointment, Bausha drove the Jarrys' vehicle, with Hanson as a passenger, to home of another friend. (Def. Supp. S.M.F. ¶ 24; Pl. Opp. S.M.F. ¶ 24.) When Bausha and Hanson returned to pick up Anthony Jarry from his medical appointment, Bausha asked Hanson to drive the Jarrys' vehicle. (*Id.* ¶ 26.) Bausha claimed that she was tired. (*Id.*) Hanson told Bausha he did not have a valid driver's license. (*Id.* ¶ 28.) Hanson drove the Jarrys' vehicle, with Anthony Jarry and Bausha as passengers, to a pawnshop and then to the home of a friend of Bausha. (*Id.* ¶¶ 29-30.) Hanson then drove the Jarrys' vehicle, with Anthony Jarry and Bausha as passengers, to Water Street in Saco, Maine. (*Id.* ¶ 34.) While parked at Water Street, a Maine Drug Enforcement Agency agent and a Saco police officer approached the vehicle. (Pl. Add'l S.M.F. ¶ 30; Def. Reply S.M.F. ¶ 30.) Hanson drove away in the Jarrys' vehicle, with Anthony Jarry as a passenger, in an effort to flee from the law enforcement officers. (Def. Supp. S.M.F. ¶ 37; Pl. Opp. S.M.F. ¶ 37.)

During the flight from law enforcement in the Jarrys' vehicle, Hanson struck another vehicle owned by Harry and Sally Wellsman (the "Wellsmans") and operated by Harry Wellsman, resulting in personal injuries and property damage. (*Id.* ¶¶ 1-2, 5.) The Wellsmans' vehicle was insured under a personal automobile insurance policy issued by Plaintiff. (*Id.* ¶ 1.)

Following an investigation, Defendant determined that it would neither defend nor indemnify Hanson under the Jarrys' policy for any damages arising out of the September 18, 2013 accident. (*Id.* ¶ 4.) As a result of Defendant's denial of coverage under the Jarrys' policy, Plaintiff paid $172,500.00 to the Wellsmans for their injuries pursuant to the uninsured motorist

2

coverage of their policy. (*Id.* ¶ 5.) Plaintiff also paid the Wellsmans $19,751.95 for damages to their vehicle under the property damage coverage of their policy. (*Id.*)

Plaintiff filed a complaint for declaratory judgment, pursuant to 14 M.R.S. § 5951 *et seq.*, on September 28, 2015. Plaintiff seeks a judicial declaration that Defendant breached its duty to indemnify its insured when it denied Hanson coverage under the Jarrys' policy and that Plaintiff is entitled to subrogate against, and be indemnified by, Defendant for the amounts Plaintiff paid to the Wellsmans. (Compl. ¶¶ a-b.) Defendant filed an answer and counterclaim for declaratory judgment on October 2, 2015. Defendant asserts, *inter alia*, that Hanson was excluded from coverage under the Jarrys' policy because Hanson lacked an objectively reasonable belief that he was entitled to use the Jarrys' vehicle. (Ans. Affirm. Defense ¶ 1.)

Defendant moved for summary judgment on March 28, 2016. Defendant asserts there is no genuine issue of material fact that Hanson lacked an objectively reasonable belief that he was entitled to use the Jarrys' vehicle. (Def. Mot. Summ. J. 7.) Following an extension of time, Plaintiff filed its opposition on May 13, 2016. Defendant filed a reply on May 27, 2016. Oral argument was held on June 24, 2016.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted).

3

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden then shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). When a defendant moves for summary judgment, the plaintiff must respond with evidence establishing a prima facie case. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. The evidence proffered by the plaintiff "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. If a plaintiff fails to present sufficient evidence, then the defendant is entitled to a summary judgment. *Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897.

## III. ANALYSIS

The sole issue on summary judgment is whether Hanson is excluded from liability coverage under the "entitlement exclusion" contained in the Jarrys' policy issued by Defendant. Under the Jarrys' policy, Defendant agreed to pay damages for all bodily injury or property damage for which any "insured" becomes legally responsible for because of an auto accident. (Miller Aff. ¶ 2, Ex. A at 2.) The Jarrys' policy defines an "insured" to include, "Any person 'using your covered auto.'" (*Id.* at 2-3.) However, the Jarrys' policy also contained an "entitlement exclusion" that provides as follows:

**EXCLUSIONS**
A. We do not provide liability coverage for any "insured":
...
    8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so.

(Miller Aff., ¶ 2, Ex. A. at 3-4.)

4

Our Law Court has previously construed this exact insurance policy exclusion. *See Patrons Oxford Ins. Co. v. Harris*, 2006 ME 72, ¶ 8, 905 A.2d 819; *Craig v. Estate of Barnes*, 1998 ME 110, ¶ 6, 710 A.2d 258. The Law Court has stated, "'A person lacks a reasonable belief that he or she is entitled to use a vehicle if that person: (i) knows that he or she is not entitled to use the vehicle; or (ii) lacks objectively reasonable grounds for believing that he or she is entitled to use the vehicle.'" *Patrons Oxford*, 2006 ME 72, ¶ 9, 905 A.2d 819 (quoting *Craig*, 1998 ME 110, ¶ 7, 710 A.2d 258). To determine whether a person possessed an objectively reasonable belief that he or she was entitled to use a vehicle, the fact finder "'must consider *any fact* relevant to the objective reasonableness of that person's belief,' including ownership of the vehicle, permission to use the vehicle, relationship to the insured, prior use of the vehicle, and legal entitlement to drive." *Patrons Oxford*, 2006 ME 72, ¶ 9, 905 A.2d 819 (quoting *Craig*, 1998 ME 110, ¶ 8, 710 A.2d 258) (emphasis in original). The above list of factors is not exhaustive. *Patrons Oxford*, 2006 ME 72, ¶ 9, 905 A.2d 819. No one fact is dispositive as to whether a person has a reasonable belief. *Craig*, 1998 ME 110, ¶ 8, 710 A.2d 258.

In support of its motion for summary, Defendant has set forth the following facts, which Defendant asserts demonstrate that Hanson lacked an objectively reasonable belief that he was entitled to use the Jarrys' vehicle. On September 18, 2013, the day of the accident, Hanson did not possess a valid driver's license because his license had been suspended on August 27, 2013 for failure to pay a fine. (Def. Supp. S.M.F. ¶ 16.) Hanson had not driven a vehicle since August 27, 2013, because of the suspension. (*Id.* ¶ 17.) Hanson had only met Anthony Jarry and Bausha for the first time approximately two weeks prior to the accident. (*Id.* ¶ 18.) Hanson did not have any contact with the Jarrys. (*Id.* ¶ 22.) The Jarrys did not give Hanson permission to

use their vehicle. (*Id.* ¶ 15.) Although Bausha stated she was tired, Hanson did not observe Bausha having any problems driving the vehicle. (*Id.* ¶ 27.) Hanson told Bausha that he did not have a driver's license. (*Id.* ¶ 28.) Hanson testified that he knew that fleeing the police was illegal. (*Id.* ¶ 39.)

In opposition to Defendant's motion summary judgment, Plaintiff has set forth the following facts. Anthony Jarry was a rated driver under the Jarrys' policy. (Pl. Add'l S.M.F. ¶ 17.) The Jarrys continued to carry Anthony Jarry as an insured driver under the policy even though his license had been suspended. (*Id.* ¶¶ 18-19.) The day before the accident, Anthony Jarry, Bausha, and Hanson had been partying late into the night. (*Id.* ¶ 21.) After Bausha and Hanson picked up Anthony Jarry from the doctor's office, Bausha asked Hanson to drive because she was tired. (*Id.* ¶ 26.) Anthony Jarry was in the vehicle while Hanson drove. (*Id.* ¶¶ 26-31.) When confronted by a DEA agent and Saco Police, Hanson asked Anthony Jarry what he wanted him to do. (*Id.* ¶ 31.) Anthony Jarry told Hanson to "take off." (*Id.*)

Viewing the foregoing facts in the light most favorable to Plaintiff, the court is not inclined to state as a matter of law that Hanson did not have an objectively reasonable belief that he was entitled to use the Jarry vehicle. In evaluating the competing evidence, the fact finder could conclude that Hanson had an objectively reasonable basis to conclude that he was entitled to use the Jarry vehicle. The court notes that the "exigent circumstance" rule set out by *Patrons*, likely would not apply so as to allow fleeing from law enforcement officers in the execution of a legal stop, if in fact that is what the evidence supports. If this matter proceeds to trial, and for the benefit of the parties as the evaluate their positions, the court will view the probative value of the evidence and instruct the jury according to its conclusion regarding the impact of *Patrons* and its apparent inapplicability to this case.

However, a jury may conclude that Hanson was entitled to operate the Jarry vehicle before Anthony allegedly instructed him to "take off," making moot the express instruction to elude an MDEA agent as somehow informative of Hanson's entitlement to use the Jarry vehicle.

Plaintiff has put forth sufficient facts to create a genuine issue of material fact for trial regarding whether Hanson has an objectively reasonable belief that he was entitled to use the Jarrys' vehicle. Therefore, Defendant is not entitled to summary judgment.

## IV. CONCLUSION

Defendant National General Insurance Company's motion for summary judgment is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: August 15, 2016

Lance E. Walker
Justice, Superior Court

7