MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2021 ME 57
Docket:        Cum-21-79
Argued:        October 5, 2021
Decided:       November 16, 2021

Panel:         STANFILL, C.J., and MEAD, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

CONCORD GENERAL MUTUAL INSURANCE COMPANY

v.

ESTATE OF COLLETTE J. BOURE et al.

CONNORS, J.

[¶1]  Teenagers Collette J. Boure and Alexander F. Meyers took the car of Meyers's great aunt, fled Maine, drove across the country, and, while in Oklahoma, crashed in a chase with police, resulting in Boure's death.  Boure's father, Michael Grindel, as personal representative of her Estate, sought uninsured motorist coverage from Concord General Mutual Insurance Company (Concord) on a personal auto policy issued to him, and from 21st Century Centennial Insurance Company and 21st Century Insurance and Financial Services, Inc. (collectively 21st Century), on a personal auto policy issued to Meyers's great aunt.  The insurers denied coverage.  Concord then brought a declaratory judgment action against the Estate in the Superior Court (Cumberland County).  The Estate counterclaimed against Concord and

brought a separate action against 21st Century and other insurers. Concord and 21st Century separately moved for summary judgment. The court (*Warren, J.*) granted summary judgments in the insurers' favor based on provisions in the insurance policies excluding coverage when the insured lacks a reasonable belief that she is entitled to use the covered vehicle. The Estate appeals from both judgments, and Concord cross-appeals to argue alternative grounds. Because we conclude that the Estate's appeal of the summary judgment entered in favor of Concord was untimely, we dismiss that appeal and Concord's cross-appeal; because we conclude that the court properly entered summary judgment in favor of 21st Century, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

[¶2] The following facts are drawn from the parties' supported statements of material facts, viewed in the light most favorable to the Estate.[1] *Boles v. White*, 2021 ME 49, ¶ 2, --- A.3d ---.

[¶3] In the summer of 2016, Boure and Meyers, both seventeen years old, were inseparable, living on Meyers's lobster boat and camping on various islands. In September 2016, they were arrested in connection with a missing

---

[1] Although the facts described herein are drawn from the statements of material facts in the 21st Century action, the statements of material facts contained in the Concord action are substantially similar.

boat. A court order prohibited them from having contact with each other. But Boure and Meyers wanted to be together and decided that they needed to leave Maine to do so. On or about October 21, 2016, they went to the residence of Meyers's great aunt, Nancy Snow, who was not home. Boure helped Meyers break into the home by boosting him through a window that they had forcibly opened. Meyers then opened the front door to let Boure into the house and took a set of Snow's car keys, after which they left the house to wait for Snow to return with her car. After Snow arrived home, Meyers and Boure took her car. Snow had not spoken to Meyers since that summer, and she had only met Boure once or twice. Neither Meyers nor Boure had ever driven Snow's car— in fact, neither of them had a driver's license. Snow had never given them permission to use her car and, when she found her car missing, reported it stolen to the police.

[¶4] Meyers and Boure left Maine in Snow's car and intentionally broke their cell phones. They had no intention of returning. Two weeks later, in Oklahoma, with Meyers driving and Boure in the front passenger seat, they became engaged in a vehicle pursuit with police. While attempting to drive around several police cars that had been set up as a roadblock, Meyers lost

4

control of the vehicle and hit a telephone pole.  Boure died two days later as a result of the injuries that she sustained in the accident.

[¶5]  After Boure's death, the Estate made a claim for uninsured motorist coverage on a personal auto policy issued by Concord to Grindel.  On September 19, 2018, Concord filed a complaint, seeking a declaratory judgment that coverage was unavailable because, inter alia, Boure did not have a reasonable belief that she was entitled to use Snow's vehicle.  The following month, the Estate answered and counterclaimed, seeking a declaratory judgment and asserting claims for unfair claims practice, wrongful death caused by an underinsured motorist, conscious pain and suffering, and negligence.  The Estate also filed a complaint seeking identical relief from eight other insurance companies.  The Estate twice amended its complaint, eventually identifying only the policy issued by 21st Century to Snow.[2]  The court consolidated the matters.

---

[2]  Grindel filed the complaint, individually and as personal representative of the Estate, against eight insurance companies alleged to have issued policies to Boure's mother, including 21st Century Insurance and Financial Services, Inc.  He then amended the complaint to include only 21st Century Premier Insurance Company, alleging that the company insured Boure's mother.  After amending the complaint again, none of the alleged insurance policies involving the mother were included, and Grindel instead named 21st Century Centennial Insurance Company and 21st Century Insurance and Financial Services, Inc., as defendants, alleging that they insured Snow.  The trial court noted that it is not clear why 21st Century Insurance and Financial Services, Inc., was named as a defendant. 21st Century stated in its brief to us that "the distinction is not significant for purposes of this appeal." Furthermore, it is unclear from the record why Grindel filed the complaint against 21st Century as

[¶6] On August 20, 2019, Concord filed a motion for summary judgment.[3] The Estate opposed Concord's motion, claiming that there were genuine disputes of material facts, and filed a cross-motion for summary judgment. On March 3, 2020, the trial court signed an order granting Concord's motion for summary judgment, dismissing the Estate's counterclaim and cross-motion, and directing the clerk to enter the order in the docket and incorporate it by reference pursuant to M.R. Civ. P. 79(a), which the clerk did on March 4, 2020.

[¶7] The summary judgment order included language stating that, "[i]f any party contends that a final judgment should not enter," then "that party shall notify the court on or before March 16, 2020." On April 6, 2020, the Estate filed a "motion to defer entry of final judgment." The Estate's motion asserted that the court should delay entering a final judgment for several reasons, including that the cases involving Concord and 21st Century had been consolidated and that entering a final judgment now would likely result in

---

an individual in addition to suing in his capacity as the personal representative of Boure's estate. Nevertheless, it appears that only the Estate—and not Grindel—has appealed.

[3] Although Concord styled its motion as a "motion for partial summary judgment," Concord sought to dispense with all issues and claims.

6

separate appeals on nearly identical issues.[4]  Several months later, the court issued an order granting the Estate's motion.

[¶8]  Approximately three months after summary judgment was entered in favor of Concord, 21st Century filed a motion for summary judgment. 21st Century argued that the circumstances surrounding Boure's death fell within two of its policy's exclusions—namely, that (1) Boure sustained injuries while using Snow's vehicle when she did not reasonably believe that she was entitled to do so and that (2) Boure was not "legally entitled" to recover under the policy because she had been participating in an illegal act.  On February 24, 2021, the court entered a summary judgment in favor of 21st Century based on the "unauthorized use" exclusion.

[¶9]  On March 10, 2021, the Estate filed a notice of appeal, indicating that it was appealing from the judgments entered on "03/03/20 & 02/23/21." Concord cross-appealed, "[o]ut of an abundance of caution," to argue alternative grounds on which we could affirm the summary judgment.[5]

---

[4]  In its motion, the Estate contemplated that the court's order might be a final judgment as evidenced by its request that the court "refrain from entry of a final judgment and/or stay or vacate any such final judgment."

[5]  We note that when an appellee does not seek any change to the judgment that is on appeal, the appellee need not file a cross-appeal to argue alternative grounds that support the judgment.  *See* M.R. App. P. 2C(a)(1).

## II. DISCUSSION

### A. Concord

[¶10]   Although neither Concord nor the Estate raised the issue of timeliness, we will consider it on our own initiative and dismiss an appeal if we determine that it is untimely.  *Boulette v. Boulette*, 2016 ME 177, ¶ 8, 152 A.3d 156.  Generally, appeals in civil actions must be commenced by filing a notice of appeal within twenty-one days after the entry of judgment.  M.R. App. P. 2B.   Strict compliance with time limits is a prerequisite for our consideration of an appeal.  *Collins v. Dep't of Corr.*, 2015 ME 112, ¶ 10, 122 A.3d 955.

[¶11]   Here, the court entered judgment in favor of Concord on March 4, 2020, which gave the Estate until March 25, 2020, to file its notice of appeal.   Because the Estate failed to file a notice of appeal until March 10, 2021—nearly a full year after the deadline—its appeal is untimely and must be dismissed.[6] *See Flores v. Otis*, 2015 ME 132, ¶¶ 8-10, 125 A.3d 721.

---

[6] The language in the summary judgment order—inviting any party that contended that a final judgment should not enter to notify the court—is perplexing given that the court had decided all the issues in the Concord action and directed the clerk to enter the order in the docket pursuant to M.R. Civ. P. 79(a).  *See Murphy v. Maddaus*, 2002 ME 24, ¶¶ 9-14, 789 A.2d 1281 (employing a two-step analysis for determining whether a judgment is final); *see also* M.R. Civ. P. 79 Advisory Committee's Note April 15, 1975.  The consolidation of the Concord and 21st Century actions under M.R. Civ. P. 42 did not merge the two actions for purposes of appeal.  *See Marks v. Marks*, 2021 ME 55, ¶ 13, --- A.3d ---.  When the order was entered in the docket on March 4, 2020, the clock for filing a notice of appeal started.  *See* M.R. Civ. P. 58 ("The notation of a judgment in the civil docket in accordance

Accordingly, we dismiss Concord's cross-appeal as moot. *See Collins*, 2015 ME 112, ¶ 13, 122 A.3d 955.

[¶12] We now turn to the summary judgment entered in favor of 21st Century, which the Estate timely appealed.

## B. 21st Century

[¶13] 21st Century's policy excludes uninsured motorist coverage for "bodily injury sustained by an insured . . . [u]sing a vehicle without a reasonable belief that that insured is entitled to do so." (Emphasis omitted.) The Estate asserts two arguments as to why summary judgment should have been denied: (1) Boure could not be simultaneously *occupying* the vehicle as a passenger and *using* the vehicle within the meaning of the policy, and (2) there is a genuine

---

with Rule 79(a) constitutes the entry of the judgment. . . . The date of entry of the judgment or order shall govern time calculations pursuant to these rules or applicable statutes."). Although certain post-judgment motions, including motions filed pursuant to M.R. Civ. P. 59, can extend the time to file an appeal, a "motion to defer entry of judgment" is not one of them. *See* M.R. App. P. 2B(c)(2). And treating the Estate's filing as a motion to alter or amend the judgment would not have tolled the time to appeal because the motion was filed after the fourteen-day deadline prescribed by M.R. Civ. P. 59. *See* M.R. App. P. 2B(c)(1). The Estate's motion was also filed well after the deadline set by the court within which to file any contention that the judgment should not be final.

We note that, even if the Estate's appeal had been timely filed, we would have affirmed the judgment entered in favor of Concord for the same reasons that we affirm the judgment entered in favor of 21st Century.

dispute of material fact as to whether Boure had a reasonable belief that she was entitled to use the vehicle.[7]

[¶14] "We review the entry of a summary judgment de novo, considering the evidence in the light most favorable to the nonprevailing party to determine whether the parties' statements of material facts and the record evidence to which the statements refer demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Connary v. Shea*, 2021 ME 44, ¶ 11, 259 A.3d 118 (quotation marks omitted); *see also* M.R. Civ. P. 56. "A material fact is one that can affect the outcome of the case, and there is a 'genuine issue' when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Connary*, 2021 ME 44, ¶ 11, 259 A.3d 118 (quotation marks omitted). When the material facts are not in dispute, we limit our review to whether the prevailing party was entitled to judgment as a matter of law. *Langevin v. Allstate Ins. Co.*, 2013 ME 55, ¶ 7, 66 A.3d 585.

[¶15] "The meaning of language contained in an insurance contract is a question of law that we review de novo." *Haskell v. State Farm Fire & Cas. Co.*,

---

[7] Because we affirm the judgment based on the "unauthorized use" exclusion, we decline to reach 21st Century's alternative argument based on the "illegal act" exclusion.

2020 ME 88, ¶ 15, 236 A.3d 458 (quotation marks omitted). "If the language of an insurance policy is unambiguous, we interpret it in accordance with its plain meaning, but we construe ambiguous policy language strictly against the insurance company and liberally in favor of the policyholder." *Id.* (quotation marks omitted). "We read the policy's language from the perspective of an average person untrained in either the law or the insurance field in light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured." *Id.* (quotation marks omitted).

### 1. "Use"

[¶16] 21st Century's policy does not define the term "use." We have previously concluded that the term "use" is a "general catch-all term, encompassing all proper uses of a vehicle." *Union Mut. Fire Ins. Co. v. Com. Union Ins. Co.*, 521 A.2d 308, 310 (Me. 1987). In distinguishing "use" from "operate," we stated that "[t]he *use* of an automobile denotes its employment for some purpose of the user; the word *operation* denotes the manipulation of the car's controls in order to propel it as a vehicle." *Id.* (quoting *Allstate Ins. Co. v. Lyons*, 400 A.2d 349, 352 (Me. 1979)). We further stated that "*[u]se* is broader than *operation*" because "[o]ne who operates a car uses it, but one can use a car without operating it." *Id.* (alteration and quotation marks omitted); *see also*

*Craig v. Barnes*, 1998 ME 110, ¶¶ 11-13, 710 A.2d 258 ("[A] person may have an objectively reasonable belief that he or she is entitled to use a motor vehicle as a passenger."); *Genthner v. Progressive Cas. Ins. Co.*, 681 A.2d 479, 480-82 (Me. 1996) (concluding that a passenger who was injured outside of the vehicle was covered under the policy where his injuries were reasonably related to the use of the vehicle); *Union Mut. Fire Ins. Co.*, 521 A.2d at 311 (providing that utilizing a vehicle to transport people and weapons for a hunting trip constituted a proper "use" of a vehicle).

[¶17]   Here, although 21st Century's policy does not define the term "use," an average person reading the policy would conclude that one who is "occupying" the front seat of a vehicle as a passenger is also "using" that vehicle. The actions are not mutually exclusive.  The undisputed facts establish that, at the time of the accident, Boure was a passenger in the car and was therefore "using" the vehicle in the ordinary sense of that term.

### 2.    "Reasonable Belief"

[¶18]  "A person lacks a reasonable belief that he or she is entitled to use a vehicle if that person: (i) knows that he or she is not entitled to use the vehicle; or (ii) lacks objectively reasonable grounds for believing that he or she is entitled to use the vehicle."  *Barnes*, 1998 ME 110, ¶ 7, 710 A.2d 258.  In

assessing whether a person had an objectively reasonable belief that she was entitled to use a vehicle, we stated that a trial court "must consider any fact relevant to the objective reasonableness of that person's belief," including ownership of the vehicle, permission to use the vehicle, relationship to the insured, prior use of the vehicle, and legal entitlement to drive. *Id.* ¶ 8. "This list of relevant factors is, however, not exhaustive." *Patrons Oxford Ins. Co. v. Harris*, 2006 ME 72, ¶ 9, 905 A.2d 819.

[¶19] Meyers and Boure, minors without driver's licenses, hatched a plan to leave the state to be together despite a court order prohibiting contact between them. They worked in concert to break into the home of Meyers's great aunt—whom Meyers had not seen in months and whom Boure had only met once or twice—with Boure boosting Meyers through a window. After acquiring a spare set of car keys, Meyers and Boure lay in wait for Snow to return with her car. Upon Snow's return, they took Snow's car, destroyed their phones—presumably to avoid detection—and embarked on their ill-fated ride across the country, which ended tragically when they crashed while fleeing from police. The circumstances under which Meyers and Boure unlawfully gained possession of the vehicle alone are sufficient to establish that Boure did not have an objectively reasonable belief that she was entitled to be a passenger

in Snow's car, and the totality of the undisputed facts satisfies the requisite standard beyond any doubt.[8] *See Taylor v. U.S. Fid. & Guar. Co.*, 519 A.2d 182, 183 (Me. 1986); *Am. Motorists Ins. Co. v. LaCourse*, 314 A.2d 813, 817 n.1 (Me. 1974).

The entry is:

> The appeal of the judgment entered in favor of Concord is dismissed. The judgment entered in favor of 21st Century is affirmed.

---

Peter Clifford, Esq. (orally), Clifford & Clifford, LLC, Kennebunk, for appellant Estate of Collette J. Boure

Matthew T. Mehalic, Esq. (orally), Norman Hanson & DeTroy, LLC, Portland, for appellee Concord General Mutual Insurance Company

Jonathan P. Hunter, Esq. (orally), and David C. King, Esq., Rudman Winchell, Bangor, for appellees 21st Century Insurance & Financial Services, Inc., and 21st Century Centennial Insurance Company

Cumberland County Superior Court docket numbers CV-2018-426 & CV-2018-502
FOR CLERK REFERENCE ONLY

---

[8] The Estate's argument that 21st Century failed to establish that Boure was "capable of making rational decisions" and that she actually believed that she was not entitled to use Snow's car ignores the fact that the second prong of the test is objective—not subjective. *See Craig v. Barnes*, 1998 ME 110, ¶ 7, 710 A.2d 258.