**CITY OF PORTLAND**

v.

**David FARRELL.**

Supreme Judicial Court of Maine.

Argued June 2, 1993.

Decided July 9, 1993.

Charles A. Lane (orally), Portland, for plaintiff.

E. James Burke (orally), Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

This case comes to us on cross-appeals from a Superior Court (Cumberland County, *Fritzsche, J.*) judgment denying the City of Portland's appeal of a District Court (Portland, *MacNichol, J.*) judgment finding David Farrell not liable under the City's obscenity ordinance for renting a videotape entitled "Anal Invasion." Because the City's appeal from the District Court's judgment was untimely, we vacate the judgment and remand the case to the Superior Court with instructions to dismiss the appeals. *See* M.R.Civ.P. 73 & 76D.

The District Court's first judgment in this case was adverse to Farrell and was vacated by the Superior Court (*Brodrick, J.*). On remand, the District Court entered judgment for Farrell, and the City filed a motion seeking amended findings of fact and conclusions of law variously described: (1) by the City as being pursuant to M.R.Civ.P. 59(a); (2) by the District Court as being pursuant to M.R.Civ.P. 52(a); and (3) by the Superior Court, on the subsequent appeal, as being pursuant to M.R.Civ.P. 52(b).

A timely motion pursuant to any of these rules terminates the running of the time period for an appeal to the Superior Court, for M.R.Civ.P. 76D provides that:

The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision *commences to run and is computed from the entry of any of the following orders* made upon a timely motion under such rules: making findings of fact or conclusions of law as requested under Rule 52(a); or granting or denying a motion under Rule 52(b); or granting or denying a motion under Rule

59 to alter or amend the judgment ... (emphasis added).

Thus, when the District Court's denial of the City's motion (even though the District Court erroneously treated it as a motion under Rule 52(a)) was entered on the docket on January 9, 1992,[1] the full time for appeal fixed by Rule 76D began to run. The City's notice of appeal to the Superior Court was not docketed until April 10, 1992,[2] well after the expiration of the 10-day period established for appeals to the Superior Court by Rule 76D. *See* M.R.Civ.P. 76D (time for filing appeal begins to run from the *entry* of the order). Accordingly, the City's appeal to the Superior Court was not timely and should have been dismissed. *See* M.R.Civ.P. 73 (appeal to the Law Court shall be taken 30 days from the entry of the judgment appealed from).

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dismiss the appeals.

All concurring.

---

1. The District Court's docket notes a copy of the Court's order of January 9, 1992 was sent to counsel for the defendant. The docket does not indicate it was sent to counsel for the plaintiff.

2. The *sua sponte* reissuance of the District Court's order on April 1, 1992, in no way served to extend the applicable appeal period prescribed by M.R.Civ.P. 76D.