STATE of Maine

v.

**Mark H. LOFTUS.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1993.

Decided Oct. 4, 1993.

Michael Cantara, Dist. Atty., Christopher Pazar, Asst. Dist. Atty., David Gregory (orally), Alfred, for the State.

Laurence Gardner (orally), Boulos & Gardner, Biddeford, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Mark Loftus appeals from a judgment of the Superior Court (York County, *Cole, J.*) convicting him of operating under the influence of intoxicating liquors in violation of 29 M.R.S.A. § 1312–B (Pamph.1992). Because he exceeded the time limit for filing a notice of appeal, we dismiss the appeal.

The State filed the complaint in March of 1991. The defendant's timely motion to suppress, grounded on the alleged absence of probable cause, was denied by the District Court (York, *Janelle, J.*). After transfer to the Superior Court, Loftus entered a conditional guilty plea in accordance with M.R.Crim.P. 11(a)(2), preserving for review the denial of his motion to suppress. Judgment was entered on October 7, 1991 (*Fritzsche, J.*), but it was not until January 28, 1993, that Loftus filed a notice of appeal to the Law Court, whereupon the appeal was dismissed as untimely. With the consent of the State, the Superior Court (*Fritzsche, J.*) permitted Loftus to withdraw his plea for the express purpose of entering another conditional guilty plea. Following the second entry of judgment against him, Loftus filed a second notice of appeal, this time within the period prescribed by M.R.Crim.P. 37(c).

A criminal defendant does not have an absolute right to withdraw a guilty plea. *State v. Comer*, 584 A.2d 638, 640 (Me.1990). The trial court's decision to allow withdrawal is reviewed for abuse of discretion. *State v. Malo*, 577 A.2d 332, 333 (Me.1990). The court is constrained in the exercise of its discretion by the Maine Rules of Criminal Procedure, in this case Rules 11(a)(2), 32(d), and 37(c).

■ Rule 11(a)(2), which permits the entry of conditional guilty pleas, was designed to allow criminal defendants to preserve pretrial rulings for appeal " 'without the necessity of insisting on a trial, thereby expediting the appeal while at the same time conserving resources.' " *State v. Moore*, 577 A.2d 348, 349–50 (Me.1990) (quoting 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 11.10, at 11–30 to –31 (1989)). Contrary to the defendant's assertions, the rule was not intended to, and clearly does not, relieve a defendant of the obligation to file a notice of appeal within 20 days of the entry of judgment as required by M.R.Crim.P. 37(c).

■ Moreover, M.R.Crim.P. 32(d) unambiguously states that a motion to withdraw a guilty plea may be made *"only* before sentence is imposed" (emphasis added). Loftus moved to withdraw his plea not only after sentence was imposed, but also after judgment had been entered and his appeal had been dismissed.

By agreeing to the defendant's motion to withdraw his guilty plea, the State disregarded the plain language of the rules. Withdrawal of the plea and the actions arising therefrom, including entry of the second conditional guilty plea and the second judgment, were ineffective to revive the defendant's right of appeal. *Cf. City of Portland v. Farrell*, 628 A.2d 131, 132 n. 2 (Me.1993) (*sua sponte* reissuance of order by District Court did not extend appeal period established by M.R.Civ.P. 76D). Consequently, the original judgment convicting Loftus stands, as does the dismissal of his appeal from that judgment.

The entry is:

Appeal dismissed.

All concurring.