2004 ME 37

**John G. CROSSLEY Sr.**

v.

**Stephen M. TAYLOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2004.

Decided: March 26, 2004.

Brian R. Barrington, Esq., Coolidge, Mathieu, Barrington & Couture, PLLC, Somersworth, NH, for plaintiff.

Charles A. Meade, Esq., Meade & Loring, P.C., Portsmouth, NH, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, Judge:

[¶ 1] John G. Crossley Sr. appeals from an order of the District Court (York, *Wheeler, J.*) denying his motion, pursuant to M.R.App. P. 2(b)(5), to permit the filing of his appeal after expiration of twenty-one days from judgment. He contends that the court erred in failing to find excusable neglect to allow his appeal of the judgment of the District Court (*Kennedy, J.*) in the contract action between the parties. Because, in the circumstances of this case, Crossley's appeal should have been allowed when the notice of judgment from the District Court misled him as to the proper appeal deadline, we vacate the order denying his motion.

I. CASE HISTORY

[¶ 2] The judgment in the contract action between the parties was docketed on June 11, 2003.[1] Also, on June 11, a court clerk sent copies of the judgment to the parties accompanied by a notice that stated: "The appeal period will expire: July 12, 2003."

---

1. Despite the requirement of M.R.App. P. 8(g)(2), the appendix to Crossley's brief does not include the docket entries.

The notice also informed the parties that they would have fourteen days after expiration of the appeal period to retrieve exhibits or the exhibits would be destroyed.

[¶ 3] The twenty-one day appeal period specified by M.R.App. P. 2(b)(3) expired on July 2. Crossley's notice of appeal was filed on July 8, 2003. With the intervening Fourth of July weekend, the appeal was three business days late.

[¶ 4] The clerk of the Law Court informed the parties that the appeal was untimely by letter dated July 14, 2003. On July 21, 2003, within the additional twenty-one days specified by M.R.App. P. 2(b)(5), Crossley filed his motion to extend time. At the time, M.R.App. P. 2(b)(5) authorized an extension of time to be granted upon a showing of "excusable neglect."[2] Crossley's motion was denied by a notation "Denied" being written on the motion on August 6, 2003. The docket does not indicate any hearing on the motion. Crossley's appeal from that order was filed on August 12, 2003.

## II.  LEGAL ANALYSIS

[¶ 5] We have said that the determination of whether excusable neglect exists is left to the sound discretion of the trial court. *Lingley v. Maine Workers' Comp. Bd.,* 2003 ME 32, ¶ 3, 819 A.2d 327, 329. We defer to this discretion because "[t]he trial court is in a superior position to evaluate the credibility and good faith of the party claiming excusable neglect." *Id.; Gregory v. City of Calais,* 2001 ME 82, ¶ 9, 771 A.2d 383, 386. Here, a judge other than the trial judge, without holding a hearing, acted on the motion to extend time. A trial judge will usually have the most familiarity with the parties, the issues, and the litigation tactics observed in

a case tried to that judge. Accordingly, when a post-judgment motion is filed in such a case, it is preferable to present such a motion to the trial judge if the trial judge is reasonably available to consider the motion.

[¶ 6] In this case, where the appeal was filed only three days late, and the delayed filing was occasioned by a misleading notice from the court, the court exceeded the bounds of its discretion in denying the motion to extend time. The short delay in filing the appeal, the fact that the record indicates no bad faith or dilatory practices by either party, and the court's active participation in misleading the parties as to the deadline for filing an appeal, support our conclusion that it was an abuse of discretion for the court to deny Crossley's motion to extend time for filing the appeal.

The entry is:

Order vacated. Remanded to the District Court for further proceedings in accordance with this opinion.

2. Effective January 1, 2004, the "excusable neglect" standard in M.R.App. P. 2(b)(5) changed to a "good cause" standard in M.R.App. P. 2(b)(5)(A).