MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 177
Docket:        Yor-16-62
Submitted
  On Briefs:   September 29, 2016
Decided:       December 6, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


MELODY BOULETTE

v.

RICHARD BOULETTE JR.


JABAR, J.

[¶1]  Richard Boulette Jr. appeals from a judgment of the District Court (Biddeford, *Driscoll, J.*) amending a final protection from abuse order dated January 25, 2016, in favor of his ex-wife.  For the reasons below, we affirm the lower court's judgment, but dismiss as untimely the portion of Richard's appeal addressing the temporary protection from abuse order and final protection from abuse order dated December 28, 2015, and January 11, 2016, respectively.[1]

---

[1]  Richard's notice of appeal states that his appeal is taken from the January 11 judgment granting his ex-wife's final protection from abuse order, and from the "1-21-16 order," presumably the subsequent judgment entered on January 25, 2016, amending the final protection from abuse order.  In his brief, Richard does not clearly state which order in particular he seeks to appeal, but mentions all three without asking for specific relief.

## I. BACKGROUND

[¶2] Melody and Richard Boulette Jr. were divorced on July 2, 2015. The divorce judgment granted the parties shared parental rights and responsibilities and shared residence with respect to their two sons.

[¶3] In October 2015, Richard filed a motion to modify the divorce judgment, seeking primary residence of the children. He alleged that Melody was trying to "turn the children against [him] so she can play happy family with" her boyfriend, whom Richard did not want around the children.

[¶4] On December 28, 2015, while that motion was pending, Melody sought and received a temporary protection from abuse order, granting her temporary sole parental rights and responsibilities for the children. After a contested hearing on January 11, 2016, the District Court (Biddeford, *Mathews, J.*) entered a final protection from abuse order that barred Richard from having contact with Melody or the children "subject to a future family court action"—the hearing on Richard's motion to modify the divorce judgment.

[¶5] Eleven days later, the District Court (Biddeford, *Driscoll, J.*) held a hearing on Richard's motion to modify the divorce judgment. After considering the evidence presented, the court issued an order dated

January 25, 2016, that addressed both that motion and the contact provisions of the protection from abuse order. In that order, the court denied Richard's motion to modify, finding that Richard had presented "no credible evidence to support his theories of harm or reasons for modifying or enforcing the [divorce] judgment." The court also addressed the basis for the protection from abuse order, finding that on Christmas Eve 2015, Richard had abused Melody and the children by verbally threatening Melody, banging on her apartment door, and smashing several windows on her car, all in the presence of the children.

[¶6] Despite this finding, based on the agreement of the parties, the court issued an amended protection from abuse order that reinstated the contact schedule created by the parties' July 2, 2015, divorce judgment, and allowed limited contact between Melody and Richard consisting of email correspondence concerning the children. On February 11, 2016, Richard filed a notice of appeal designating the order of January 11, 2016, as the order appealed from, but noting that the "1-21-16 order has been modified." Because it is not clear from his notice of appeal or his brief which order Richard now appeals from, we will assume that he appeals from all three

protection orders: the December 28, 2015, temporary order; the January 11, 2016, final protection order; and the January 25, 2016, amended orders.

## II. DISCUSSION

[¶7]  Richard admits to the events of Christmas Eve 2015 that led to the court's finding of abuse, but he argues that he has taken responsibility for his actions and is not a threat to his family, and for this reason contends that the protection orders should not have been entered.

[¶8]  Although neither party raised the issue of timeliness, we will consider it on our own initiative, and dismiss those appeals determined to be untimely.  *See State v. Williams*, 510 A.2d 537, 538-39 (Me. 1986); *State v. One 1977 Blue Ford Pick-Up Truck*, 447 A.2d 1226, 1229 (Me. 1982); *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1081 (Me. 1981).  An appeal is untimely if the notice of appeal is not filed with the clerk of the court from which the appeal is taken within twenty-one days after the entry of judgment and the court has not granted an extension of time.  M.R. App. P. 2(a), (b)(3), (b)(5).

[¶9]  To the extent that Richard appeals from the court's entry of Melody's temporary protection from abuse order on December 28, 2015, or the final protection from abuse order entered on January 11, 2016, his appeal is untimely.  Richard did not file his notice of appeal until February 11, 2016,

more than twenty-one days after either order was entered. *See* M.R. App. P. 2(b)(3). Because "[s]trict compliance with the time limits of M.R. App. P. 2(b) . . . is a prerequisite to the Law Court entertaining an appeal," we must dismiss that portion of Richard's appeal that seeks to vacate the orders dated December 28, 2015, and January 11, 2016. *Bourke v. City of S. Portland*, 2002 ME 155, ¶ 4, 806 A.2d 1255; M.R. App. P. 2(b)(3).

[¶10] To the extent that Richard intends to appeal from the January 25, 2016, order amending the final protection from abuse order, his appeal is timely.[2] *See* M.R. App. P. 2(b)(3). "We review a trial court's finding of abuse for clear error and will affirm a trial court's findings if they are supported by competent evidence in the record, even if the evidence might support alternative findings of fact." *Walton v. Ireland*, 2014 ME 130, ¶ 22, 104 A.3d 883 (quotation marks omitted).

[¶11] The District Court (Biddeford, *Mathews, J.*) found after the January 11, 2016, hearing that Melody was entitled to a protection from abuse order. *See* 19-A M.R.S. § 4002(1). Richard did not timely appeal from that

---

[2] It is not clear from Richard's brief what relief he seeks. He asserts that he is not a "threat" to Melody or his children, which we understand to argue that the court erred in ordering limited contact between him and Melody. His notice of appeal included the claim that Melody's time with the children is "grossly overboard," but at the January 25, 2016, hearing he agreed to the return of visitation rights to those established by the July 2, 2015, divorce judgment. For this reason, we assume he appeals only that portion of the amended order limiting his contact with Melody.

order. After the January 25, 2016, hearing, the only changes made to the protection from abuse order were changes made by agreement of the parties, because neither party had filed a motion to amend the protection order. We therefore affirm the judgment amending the final protection from abuse order.

The entry is:

> Richard Boulette Jr.'s appeal of the temporary protection from abuse order entered December 28, 2015, and the final protection from abuse order entered January 11, 2016, is dismissed. The District Court's judgment of January 25, 2016, amending the protection from abuse order entered on January 11, 2016, is affirmed.

---

**On the briefs:**

Richard Boulette Jr., appellant pro se

Melody Boulette did not file a brief

Biddeford District Court docket number PA-2015-600
FOR CLERK REFERENCE ONLY