STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-17-104

U.S. BANK TRUST, N.A.,

Plaintiff

v.

ORDER

JAMES D. KEEFE,

REC'D CUMB CLERKS OFC
OCT 28 '19 AM10:43

Defendant

Before the court is plaintiff's motion to extend time for filing by six days nunc pro tunc. For the following reasons, the motion is denied.

Procedural History

On July 9, 2019, the Superior Court issued its judgment. On July 29, 2019, plaintiff filed an appeal with an incorrect filing fee. Plaintiff relied on a guide, "How to File a Civil Appeal," which incorrectly stated the filing fee. On July 31, 2019, plaintiff was informed the appeal was incomplete and that the deadline to appeal, July 30, 2019, was not extended. On August 2, 2019, plaintiff sent the correct fee, which was received by the court on August 5, 2019.

On August 13, 2019, the Law Court dismissed plaintiff's appeal as untimely. On August 16, 2019, plaintiff filed a motion to reconsider the dismissal with the Law Court. On August 27, 2019, the Law Court denied plaintiff's motion for reconsideration.

On August 28, 2019, plaintiff filed this motion to extend nunc pro tunc. On September 17, 2019, defendant opposed the motion. On September 24, 2019, plaintiff replied to the opposition.

Entered on the Docket: 10/30/19

1

Discussion

A. Timeliness

Plaintiff seeks an order nunc pro tunc to extend the time for filing its appeal by six days. Plaintiff's appeal was filed prior to the original deadline, but was not accepted because it was an incomplete filing. The July 30, 2019 deadline for plaintiff to file its appeal was not extended. Plaintiff did not file a motion to extend with the Superior Court concurrently with its notice of late appeal on August 5, 2019.

Defendant argues that because plaintiff did not seek an extension with the proper court until August 28, 2019, which exceeded the available twenty-one day extension of time plaintiff could have received pursuant to M.R. App. P. 2B(d)(1), plaintiff's motion to extend is untimely and should be denied. Plaintiff argues that its motion is not untimely because its late notice of appeal was not dismissed as incomplete or untimely and was transmitted to the Law Court. Plaintiff argues that when the case was on the Law Court docket, the trial court's jurisdiction was terminated pursuant to M.R. App. P. 3(b). Plaintiff argues that the eight days, during which its appeal was pending, and the twelve days, during which its motion to reconsider was pending, should not be included in the calculation of the additional twenty-one day extension set forth in M.R. App. P. 2B. Plaintiff argues that its motion was within the twenty-one day extension deadline.

Plaintiff does not address why it did not file a motion to extend with the trial court pursuant to M.R. App. P. 2B(d)(1) when plaintiff discovered that it had missed the filing deadline and the deadline had not been extended. M.R. App. P. 2B(d)(1) provides, "Upon a showing of good cause, the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal." M.R. App. P. 2B(d)(1) (emphasis added). Plaintiff

2

correctly states that there is good cause for the trial court to grant its motion to extend because plaintiff was misled by the court's guide, which provided incorrect information regarding the filling fee. See Crossley v. Taylor, 2004 ME 37, ¶ 5, 845 A.2d 574; Phillips v. Johnson, 2003 ME 127, ¶ 20, 834 A.2d 938. The court in Phillips held:

> We therefore conclude that when a notice of appeal is filed within the twenty-one-day period prescribed by M.R. App. P. 2(b)(3) and served on the opposing party, but directed to the wrong court, and when the error in the appeal is corrected and brought to the attention of the opposing party and the court through a motion to extend that is filed within the brief twenty-one-day period of extension pursuant to M.R. App. P. 2(b)(5), the court exceeds the bounds of its discretion when it declines to allow the extension.

2003 ME 127, ¶ 20, 834 A.2d 938 (emphasis added). Similarly, in Crossley, the motion to extend was filed within the twenty-one day extension period. 2004 ME 37, ¶ 4, 845 A.2d 574 ("On July 21, 2003, within the additional twenty-one days specified by M.R. App. P. 2(b)(5), [appellant] filed his motion to extend time"). United States Supreme Court precedent relied on by plaintiff is also distinguishable. The appellant in the case cited was not given any notice that his appeal was incomplete until well after the extension deadline. Becker v. Montgomery, 532 U.S. 757, 761 (2001) ("No court officer had earlier called [appellant]'s attention to the need for a signature, and the dismissal order, issued long after the 30-day time to appeal expired, accorded [appellant] no opportunity to cure the defect.").

"[T]he trial court may, . . . extend the time for filing the notice of appeal otherwise allowed for a period not to exceed 21 days from the expiration of the original time for filing an appeal." M.R. App. P. 2B(d)(1). Based on Rule 2B, plaintiff's motion to extend is untimely and is denied.

---

[1] M.R. App. P. 2(b)(5) is a former version of M.R. App. P. 2B(d)(1). Both rules contain the same language.

3

The clerk is directed to incorporate this order into the docket by reference.  M.R. Civ. P. 79(a).

Date:  October 25, 2019

Nancy Mills
Justice, Superior Court

CUM-RE-17-104

4

U. S. BANK TRUST, N.A.,

      Plaintiff

v.                                  JUDGMENT

JAMES D. KEEFE,

      Defendants

REC'D CUMB CLERKS OF
JUN 25 '19 AM9:55

## Procedural Background

On November 16, 2012, a complaint for foreclosure was filed against defendant with regard to the mortgage and real property involved in this 2019 complaint. See U.S. Bank Trust, N.A. v. James D. Keefe, CUMSC-RE-12-419 (Me. Super. Ct., Cum. Cty., Nov. 16, 2012). Plaintiff requested a dismissal without prejudice of the 2012 complaint because plaintiff could not prove it owned the mortgage and lacked standing. The complaint was dismissed without prejudice and with a waiver of interest, fees, and costs, and an award of attorney's fees. (3/6/15 Order 4.)

On April 24, 2017, plaintiff filed its first complaint in docket number RE-17-104, a complaint for declaratory judgment against Beach First National Bank. On August 3, 2017, plaintiff filed a motion to quiet title, for default judgment and judgment on the pleadings, which was withdrawn on November 8, 2017. On November 27, 2017, the court granted plaintiff's motion to extend all scheduling order deadlines by 60 days.

On January 2, 2018, the court granted plaintiff's motion to file an amended complaint to add the following four counts against defendant: count II, breach of note, count III, breach of

---

[1] The decision in Bank of America, N.A. v. Greenleaf was issued on July 3, 2014. Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700.

contract, count IV, quantum meruit, and count V, unjust enrichment. On March 19, 2018, defendant answered plaintiff's amended complaint. On May 25, 2018, parties participated in an alternative dispute resolution conference but the case remained unresolved. On June 20, 2018, defendant moved for partial summary judgment on counts I, declaratory judgment, IV, quantum meruit, and V, unjust enrichment. On July 18, 2018, the court granted defendant's partial motion for summary judgment on all three counts. On September 11, 2018, the court issued a pretrial order.

On October, 9, 2018, plaintiff moved to file a second amended complaint and proposed to (1) strike the original defendant Beach First National Bank; (2) strike all parties-in-interest; (3) delete counts I, IV, and V; and (4) name James Keefe as defendant. On October 25, 2018, the court granted plaintiff's motion to extend all deadlines by 90 days. On December 3, 2018, plaintiff moved to file a third amended complaint to add a count for foreclosure. On January 11, 2019, the court granted plaintiff's motion to file its third amended complaint. On January 29, 2019, defendant answered plaintiff's third amended complaint. On February 26, 2019, the court granted plaintiff's motion to file its second amended complaint and strike the original defendant Beach First National Bank and parties-in-interest from the complaint and name James Keefe as the sole defendant.

Jury-waived trial was held on March 26, 2019 on counts II, breach of note, III, breach of contract, and VI, foreclosure, of plaintiff's third amended complaint. After the court sustained defendant's objection to the admission of plaintiff's exhibit K, payment history, plaintiff's counsel stated the plaintiff would not be able to meet its burden at trial. (3/26/19 Tr. 10-11.) After a recess, the court sustained defendant's objection to the admission of plaintiff's exhibit G, a quitclaim

2

assignment.[1] (3/26/19 Tr. 15.) Plaintiff's counsel stated that absent admission of the assignment, plaintiff lacked standing and requested a dismissal of the complaint without prejudice. (3/26/19 Tr. 14.) Defendant moved for a judgment as a matter of law. (3/26/19 Tr. 15.) In the alternative, defendant requested a dismissal with prejudice. (3/26/19 Tr. 14.) The parties' briefs were filed on May 6, May 24, and May 31, 2019.

Discussion

The court declines to amend its evidentiary rulings, as plaintiff requests. The court's granting of the third motion to amend the complaint does not constitute the law of the case with regard to the quitclaim assignment. See Pearson v. Wendell, 2015 ME 136, ¶ 26, 125 A.3d 1149 (stating the "law of the case" doctrine relates only to questions of law, not fact).

Based on the litigation history of this mortgage and plaintiff's proof at trial, the issue is whether plaintiff's motion to dismiss its third amended complaint should be granted with or without prejudice or whether defendant's motion for judgment as a matter of law should be granted. Plaintiff conceded it could not meet its burden of proof when the payment history on the note was not admitted. In KeyBank National Association v. Estate of Quint, the trial court entered judgment as a matter of law when plaintiff conceded it could not prove the amount owed when the exhibit purportedly documenting those amounts was not admitted. KeyBank Nat'l Ass'n v. Estate of Quint, 2017 ME 237, ¶ 11, 176 A.3d 717. The Law Court affirmed the judgment. Id. at ¶ 23.

In support of its request of a dismissal of the complaint without prejudice, plaintiff argues that standing comes first and without standing, nothing else matters. (3/26/19 Tr. 15.) Based on the circumstances of the two cases involving this mortgage, a dismissal with prejudice would be warranted. See Green Tree Servicing, LLC v. Cope, 2017 ME 68, ¶ 2, 158 A.3d 931 ("[W]hen the

---

[1] Defendant states incorrectly that the court never ruled on defendant's objection to exhibit G. (Def.'s Mot. Expedited Post-Trial Briefing 2; 3/26/19 Tr. 15.)

3

circumstances warrant, a trial court retains authority to dismiss a foreclosure complaint with prejudice as a sanction, even when the plaintiff lacks standing.") The required procedural steps have been followed. See id. at ¶¶ 19-22; Wells Fargo Bank, N.A. v. Welch-Gallant, 2017 ME 105, ¶ 7, 162 A.3d 827.

In this case, however, even if plaintiff had established standing, it could not prove the required element of the amount owed. See Bank of America, N.A. v. Greenleaf, 2014 ME 89, ¶ 18, 96 A.3d 700; M.R. Civ. P. 50(d). That fact supports the granting of defendant's motion for judgment as a matter of law. See Quint, 2017 ME 237, ¶ 11, 176 A.3d 717.

The entry is

> Judgment is entered in favor of Defendant, James D. Keefe, and against Plaintiff, U.S. Bank Trust, N.A., on Plaintiff's Third Amended Complaint.

Date: June 20, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 07/09/19

Mc ✓

Plaintiff-John Doonan, Esq.
Defendant Keefe-Richard Olson, Esq.
and Jason Theobald, Esq.

4