MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2025 ME 26
Docket:      Pen-24-253
Submitted
  On Briefs: February 7, 2025
Decided:     March 13, 2025

Panel:       STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ.


# STATE OF MAINE

v.

# JEFF BELONY


PER CURIAM

[¶1]  Jeff Belony appeals from a judgment of conviction for aggravated trafficking of scheduled drugs (Class A), 17-A M.R.S. § 1105-A(1)(D) (2021),[1] entered by the trial court (Penobscot County, *Mallonee, J.*) on Belony's conditional guilty plea.[2]  The appeal must be dismissed because it was untimely filed, and we therefore lack jurisdiction.  We take this opportunity to clarify that under our rules, requests for enlargements of the time in which to file an appeal must be directed to the trial court.

---

[1] Because 17-A M.R.S. § 1105-A(1)(D) was amended after the crime was committed, we cite the statute that was in effect when the crime was committed.  *See* P.L. 2021, ch. 396, § 4 (effective Oct. 18, 2021) (codified at 17-A M.R.S. § 1105-A(1)(D) (2024)).

[2] The trial court also entered a judgment of criminal forfeiture pursuant to 15 M.R.S. § 5826 (2021).  Because 15 M.R.S. § 5826 has been recently amended, we cite the statute in effect at the relevant time.  *See* P.L. 2021, ch. 454, § 13 (effective Oct. 18, 2021) (codified at 15 M.R.S. § 5826 (2024)); P.L. 2023, ch. 196, § 1 (effective Oct. 25, 2023) (codified at 15 M.R.S. § 5826 (2024)).

2

## I. BACKGROUND

[¶2]   In March 2021, the State charged Belony by complaint with aggravated trafficking of scheduled drugs and criminal forfeiture.  He was later indicted by a grand jury and initially pleaded not guilty.  On May 10, 2024, Belony entered a plea of guilty to aggravated trafficking of scheduled drugs, conditioned on the right to appeal the denial of his motion to suppress. *See* M.R.U. Crim. P. 11(a)(2).  The court entered a judgment and sentenced Belony to pay a $400 fine and to serve eight years in prison, with all but four years suspended, followed by four years of probation.  The court ordered a stay of execution of the sentence until June 14, 2024.

[¶3]   On June 3, 2024—twenty-four days after the court entered the judgment of conviction—Belony filed a notice of appeal.[3]  He also filed a motion to extend the stay of his sentence.  On June 5, 2024, the trial court granted Belony's request to extend the stay and amended the judgment accordingly. The trial court promptly sent the notice of appeal and the trial court record to this Court.  On June 17, 2024, we entered an order accepting the appeal and scheduled the matter for oral argument.

---

[3] Belony's brief raises several issues pertaining to the denial of his motion to suppress, including contentions that law enforcement lacked reasonable, articulable suspicion to stop the vehicle in which he was traveling; unreasonably extended the vehicle stop beyond the time necessary to address the purported violation; and lacked probable cause to arrest and search him.

[¶4]    After further review of the record, we determined that, notwithstanding our June 17 order, the late filing raised a question of our jurisdiction to consider the appeal.   At our direction, the parties filed supplemental briefs addressing the jurisdictional issue.

## II.  DISCUSSION

[¶5]   Although neither party raised the issue of timeliness—and both parties urge us to consider the appeal whether or not it was timely filed—we address the issue "[b]ecause the time requirements for taking an appeal are jurisdictional."  *Est. of Sheltra*, 2020 ME 108, ¶ 21, 238 A.3d 234 (quotation marks omitted).  "When a question as to the jurisdiction of this Court exists, we are obliged to consider it on our own motion."  *Begin v. Jerry's Sunoco, Inc.*, 435 A.2d 1079, 1081 (Me. 1981).  We must strictly comply with the prescribed time limits for appeals, *Collins v. Dep't of Corr.*, 2015 ME 112, ¶ 10, 122 A.3d 955, and dismiss any appeal that is determined to be untimely, *Boulette v. Boulette*, 2016 ME 177, ¶ 8, 152 A.3d 156.

[¶6]  Belony advances four principal arguments in support of his position that this Court has jurisdiction over, and should consider, his appeal: (1) the notice of appeal was timely filed; (2) the trial court implicitly enlarged the time for filing the notice of appeal; (3) if we had dismissed his appeal as untimely

4

filed in our June 17 order, then he would have had time to seek an enlargement of the time in which to file an appeal from the trial court; and (4) this Court has authority to enlarge the appeal period and effectively did so through the June 17 order.

## A. Timeliness of the Appeal

[¶7] Belony contends that his notice of appeal was timely filed. He bases this contention on the following information, which is set forth in his supplemental brief but not otherwise attested to or contained in the record. Belony's counsel asserts that he signed the notice of appeal on May 30, 2024, and that he sent his legal assistant an email on May 31, 2024, at 11:33 a.m., instructing her to file the notice of appeal that day.[4] He further asserts that it is his legal assistant's practice to hand-deliver filings to the court during her lunch break. Based on these assertions, he "believes" that the notice of appeal was "filed with the trial court on Friday, May 31, 2024, but not docketed or stamped until the following Monday[,] June 3, 2024."

[¶8] Pursuant to Maine Rule of Appellate Procedure 2B(b)(1), "the time within which an appeal may be taken in a criminal case shall be 21 days after entry into the docket of the judgment or order appealed from." *See also*

---

[4] A copy of the email thread is attached to Belony's supplemental brief.

M.R. App. P. 2B(a)(1) ("A judgment or order is entered within the meaning of this Rule when it is entered into the docket.").

[¶9]  Here, the court entered a judgment of conviction on Friday, May 10, giving Belony until Friday, May 31, to file a notice of appeal.  The notice of appeal filed by Belony was date-stamped Monday, June 3, at 3:35 p.m., and the filing was entered into the docket the following day with a notation that it had been filed on June 3.[5]  Contrary to Belony's belief that the notice of appeal was filed on May 31, the record plainly establishes that the notice of appeal was filed on the afternoon of June 3 when it was received and date-stamped by the clerk.  Belony's appeal therefore was not timely filed.[6]

**B.    Action Required by Trial Court for Enlarging Time**

[¶10]  Belony next argues that by docketing the notice of appeal and granting his motion to further stay his sentence, the trial court implicitly enlarged the time for filing the notice of appeal.

---

[5] The treatment of the notice of appeal here is consistent with the standard practice used by trial court clerks: clerks date-stamp filings immediately upon receipt so that, in case the filings cannot be promptly entered in the docket, there is documentation of when the filings occurred.

[6] Belony alternatively argues that his appeal was timely because the time for filing a notice of appeal "restarted" when the trial court amended the judgment to extend the stay of his sentence.  We are not persuaded by this argument.  A motion to stay a sentence is not one of the motions listed in M.R. App. P. 2B(b)(2) that extends the period for filing an appeal.

6

[¶11]  The time for filing a notice of appeal may be extended under certain circumstances.  Maine Rule of Appellate Procedure 2B(d)(1) is applicable here.  It provides:

> Upon a showing of good cause, the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed for a period not to exceed 21 days from the expiration of the original time for filing an appeal prescribed by Rule 2B(b) or 2B(c).

M.R. App. P. 2B(d)(1).

[¶12]  Contrary to Belony's contention, the docketing of an untimely notice of appeal, even when coupled with a grant extending a stay of a sentence, is not an implicit extension of the filing period.  Although Rule 2B(d)(1) permits a trial court to extend the filing period, with or without motion, the trial court may do so only upon a showing of good cause.  The rule requires that the trial court take affirmative action.

[¶13]  The record does not reveal any circumstances on which the trial court could have found good cause, and Belony did not present the trial court with any evidence on which the trial court could have made such a finding.  Therefore, we conclude that the trial court did not enlarge the time for filing a notice of appeal.

## C.    Good Cause Requirement

[¶14]  Belony next argues that if we had dismissed his appeal as untimely in our June 17 order, then he could have promptly moved the trial court for an enlargement of time based on the same assertions that he made in his supplemental brief to us.  *See supra* ¶ 7.

[¶15]  As noted, a trial court may extend the time for filing a notice of appeal upon a showing of good cause.  M.R. App. P. 2B(d)(1).  A party moving for such relief based on this standard "must allege and prove good cause," *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me. 1991), by adducing the facts showing a good excuse, *State v. Philogene*, 2018 ME 126, ¶ 17, 193 A.3d 789, for the failure to timely file a notice of appeal.  *See also A. Dean Corp. v. White*, 429 A.2d 1010, 1011 (Me. 1981).  A failure to offer any evidence of good cause will be fatal to a request for relief.  *See Maroon Flooring, Inc. v. Austin*, 2007 ME 75, ¶ 9, 927 A.2d 1182.

[¶16]  We are not persuaded by Belony's argument.  Even if we had dismissed Belony's appeal and Belony had timely moved the trial court for an enlargement of time, he would not have been entitled to relief—at least not on the grounds that he claims he would have asserted to the trial court.  The main flaw in Belony's argument is that he is not alleging in the first instance that he

had a good excuse for failing to file the notice of appeal on time; rather, he continues to maintain that his appeal was, in fact, timely. It clearly was not. *See supra* ¶¶ 7, 9. Therefore, because Belony has not alleged that he has a good excuse, much less adduced and properly presented attested facts in support thereof, we cannot conclude that the trial court would have been able to grant relief.

**D.    Authority to Enlarge the Time to Appeal**

[¶17]  Belony next argues that this Court has the authority to grant an extension for filing a notice of appeal and that we granted such an extension by accepting his appeal in our June 17 order.

[¶18]   The Maine Rules of Appellate Procedure establish that the authority to grant an enlargement of time to file a notice of appeal is reserved to the trial court.[7]  As noted above, Rule 2B(d) expressly identifies the "trial court" as the proper venue for seeking an extension of time.[8]  Furthermore,

---

[7] In *Crossley v. Taylor*, 2004 ME 37, ¶ 5, 845 A.2d 574, we stated that it is preferable to present a motion for an extension of time for filing a notice of appeal to the judge who presided over the case because the "trial judge will usually have the most familiarity with the parties, the issues, and the litigation tactics" of the parties and is "in a superior position to evaluate the credibility and good faith of the party claiming" good cause. (Quotation marks omitted.)

[8] *See* Alexander, *Maine Appellate Practice* § 2B.3 at 56 (6th ed. 2022) ("Requests for an extension of time to file an appeal must be addressed to the trial court. Generally, such requests should be presented to the trial judge. The Law Court does not have authority to extend the time limit for filing an appeal. . . . The requirement that requests for an extension of time to file a notice of appeal be directed to the trial courts is a [carryover] from the former appeal rules, M.R. Crim. P. 36(c) (West 2000) and M.R. Civ. P. 73(a) and 75B(b) (West 2000)."); 3A Harvey & Merritt, *Maine Civil Practice*

Maine Rule of Appellate Procedure 14(c) explicitly excludes the rules governing "filing requirements and time limits" from those that the Law Court may suspend for good cause:

> **(c) Suspension of Rules.** In the interest of expediting decision upon any matter, or for other good cause shown, the Law Court may modify or suspend any of the requirements or provisions of these Rules, *except those addressing filing requirements and time limits* in Rules 2A, 2B, 2C, 10(a)(5), and 14(b), on application of a party or on its own motion, and may order proceedings in accordance with its direction.

M.R. App. P. 14(c) (emphasis added). Therefore, we do not have the authority under our current rules to grant the extension that Belony belatedly seeks.

## III. CONCLUSION

[¶19] The parties suggest that if we dismiss the appeal as untimely, Belony may likely file a petition for post-conviction relief and, if successful, may request as a remedy the reinstatement of his right to appeal. *See* 15 M.R.S. § 2130 (2024). They urge us to accept the appeal as timely filed to avoid such a seemingly unnecessary delay. We are not indifferent to these concerns, nor do we discount the parties' predictions. We can think of no reason why Belony, were he to file a petition for post-conviction review, would not have his right to appeal reinstated based on the current record. As the matter stands now,

---

§ A2C:9, Westlaw (database updated Sept. 2024) ("The motion for extension on the ground of 'good cause' is directed to the trial court, not the Law Court.").

however, because the timeliness of an appeal is jurisdictional, dismissal of Belony's appeal is mandated. *See State v. Pelletier*, 636 A.2d 989, 990 (Me. 1994) (stating that a failure to meet the deadline for filing a notice of appeal is "fatal to the authority to hear the appeal").[9]

The entry is:

Appeal dismissed.

---

Hunter J. Tzovarras, Esq., Bangor, for appellant Jeff Belony

Aaron M. Frey, Attorney General, and Jason Horn, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Penobscot Unified Criminal Docket docket number CR-2021-692
FOR CLERK REFERENCE ONLY

---

[9] *See also State v. Loftus*, 631 A.2d 903, 903-04 (Me. 1993) (concluding that a defendant could not revive his right to file an appeal by withdrawing and reentering his conditional guilty plea); *State v. Williams*, 510 A.2d 537, 538-39 (Me. 1986) (dismissing an appeal because the defendant failed to establish that his untimely appeal was the result of excusable neglect); *State v. Mower*, 254 A.2d 604, 605, 607 (Me. 1969) (denying an appeal when the defendant failed to file a timely notice of appeal and did not seek an extension of time).