MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 112
Docket:        Cum-15-429
Submitted
 On Briefs:    June 22, 2016
Decided:       July 14, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

STEPHEN CUSHING

v.

ANN CUSHING

MEAD, J.

[¶1]    Stephen Cushing appeals from a judgment of the District Court (Portland, *Darvin, J.*) dismissing his motion to modify the parties' divorce judgment with prejudice.  We dismiss the appeal as untimely.

## I.  BACKGROUND

[¶2]  The parties were divorced in 2011.  In September 2014, Stephen filed a motion to modify the divorce judgment's child contact schedule and child support provisions.   Prehearing litigation proceeded over the course of the next nine months.  On June 26, 2015, in response to Stephen's continued failure to comply with the court's orders that he produce discovery and pay a portion of Ann's attorney fees, the court signed an order dismissing the motion with prejudice and

2

establishing a procedure to determine the final amount of the attorney fee award to Ann.

[¶3]  The dismissal order was docketed on June 29, 2015.  On August 7, the court docketed an order awarding Ann additional attorney fees.  Stephen filed a notice of appeal on August 27, fifty-nine days after the dismissal order was docketed, and twenty days after the order awarding additional attorney fees was docketed.  Ann moved this Court to dismiss the appeal as untimely; Stephen objected.

[¶4]  On November 10, 2015, Stephen filed a motion for extension of time to file a notice of appeal, contending that although he had received the trial court's dismissal order in July, the clerk's office had repeatedly told his attorney's firm that the order had not yet been docketed.  The motion stated that his attorney did not discover until Ann moved to dismiss the appeal that the dismissal order had been docketed on June 29.  We ordered that both Ann's motion to dismiss the appeal and Stephen's motion for extension of time be considered with the merits of the appeal.

## II.  DISCUSSION

[¶5]  By rule, an appellant in a civil case has twenty-one days "after entry of the judgment or order appealed from" to file a notice of appeal.

M.R. App. P. 2(b)(3). "A judgment or order is entered . . . when it is entered in the docket." M.R. App. P. 2(b)(1). Accordingly, if the "judgment or order appealed from" in this case is the dismissal order docketed on June 29, 2015, then Stephen's notice of appeal was filed thirty-eight days late. If, as he contends, it is the order awarding additional attorney fees docketed on August 7, 2015, the appeal is timely.

[¶6] We conclude that the dismissal order was a final judgment when it was docketed on June 29, 2015, and that therefore Stephen's notice of appeal is untimely. The rules provide that "[i]n an action in which there is a claim for attorney fees, a judgment entered on all other claims shall be final as to those claims *unless the court expressly finds that the claim for attorney fees is integral to the relief sought*." M.R. Civ. P. 54(b)(2) (emphasis added). The trial court made no such express finding in its order dismissing with prejudice Stephen's motion to modify. Accordingly, "[a]bsent any finding on the part of the motion court that the award of attorney fees in this case was integral to the relief sought . . . the judgment . . . was a final judgment for purposes of appeal." *Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 14, 948 A.2d 1251.

[¶7] Furthermore, the court did not implicitly find or even suggest that the final amount of attorney fees awarded to Ann was an integral part of its order. It was Stephen's motion to modify the child contact provisions of the divorce

4

judgment that was at issue,[1] and the central purpose of the court's order was to dismiss that motion with prejudice. Attorney fees had already been awarded to Ann in two earlier orders; the dismissal order only established a procedure for determining the final amount of the award—a tangential issue. *See Green Tree Fin. Corp. v. Patten*, 2000 ME 42, ¶ 15 n.6, 746 A.2d 373 (noting that pursuant to Rule 54(b)(2) a later award of attorney fees "does not affect the finality of the [earlier]" judgment); *cf. Portland Co. v. City of Portland*, 2009 ME 98, ¶¶ 18-19, 979 A.2d 1279 (concluding that Rule 54(b)(2) did not render a judgment final for purposes of appeal where attorney fees was the only claim addressed and "it is clear from the court's . . . judgment . . . that the claim for attorney fees is integral to the relief sought").

[¶8] Because the appeal is untimely by more than twenty-one days, we may grant the extension of time that Stephen requests and allow the appeal only if he can show that "(i) the clerk, although required to do so, failed to send notice of the entry of judgment to the moving party; and (ii) the moving party did not otherwise learn of the entry of judgment; and (iii) any other party will not be unfairly prejudiced by the extension of time to file the notice of appeal." M.R. App. P. 2(b)(5)(B).

---

[1] On April 10, 2015, Stephen withdrew his request to modify the child support provisions of the divorce judgment.

[¶9]   Stephen cannot meet his burden on this record.   The purpose of the Rule is to give a court, "particularly in instances where the clerk has not sent a copy of the judgment to the parties or otherwise notified the parties that judgment has been entered," "some flexibility to mitigate the potentially harsh [e]ffects of a failure to notify parties of entry of a judgment."  M.R. App. P. 2(b)(5) Advisory Notes—January 2004.  "A time extension [is] barred if the moving party ha[s] otherwise learned of the entry of the judgment."  *Id.*  Here, Stephen's motion to enlarge time recites that his attorney received a copy of the dismissal order "[i]n July of 2015."   The order bears a docketing stamp dated June 29, 2015. Accordingly, even if, *arguendo*, his attorney did not receive formal notice of docketing,[2] Stephen suffered no "harsh [e]ffects" because he admittedly had a copy of the order in-hand in July 2015 and thus had actual knowledge of it.  For that reason, he cannot show that "the clerk . . . failed to send notice of the entry of judgment," or that he "did not otherwise learn of the entry of judgment."  M.R. App. P. 2(b)(5)(B)(i)-(ii).

The entry is:

Appeal dismissed.

---

[2]   Under these circumstances, whatever the reason for the miscommunication or misunderstanding resulting from Stephen's attorneys' discussions with the clerk's office might be, it does not affect our analysis.

**On the briefs:**

Anthony J. Sineni, III, Esq., Law Offices of Anthony J. Sineni, LLC, Portland, for appellant Stephen Cushing

Theodore H. Irwin, Jr., Esq., Irwin Tardy & Morris, Portland, for appellee Ann Cushing

Portland District Court docket number FM-2010-1358
FOR CLERK REFERENCE ONLY