MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:     2019 ME 96
Docket:       Yor-18-407
Argued:       May 15, 2019
Decided:      June 13, 2019

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


FIRST FINANCIAL, INC.

v.

PETER E. MORRISON et al.


PER CURIAM

[¶1]  First Financial, Inc., appeals from a judgment of the District Court (Biddeford, *Cantara, J.*) denying its motion for relief from judgment after the court denied its motion to dismiss its foreclosure complaint without prejudice and granted Peter E. and Judith B. Morrison's motion for judgment on the pleadings.  First Financial argues, among other things, that it was an abuse of discretion for the court to deny its motion for relief because the clerk's office failed to notify it of the entry of the earlier orders before the time to take an appeal from those orders expired.  For the reasons discussed below, we affirm the judgment.

## I. CASE HISTORY

[¶2]  In September 2017, First Financial filed a foreclosure complaint in the District Court in Biddeford alleging that Peter and Judith Morrison had defaulted on a note held by First Financial and secured by the Morrisons' real property in Biddeford.  The Morrisons filed an answer on the court-approved answer form in which they denied "at least some of [First Financial]'s statements in the foreclosure complaint," asserted all applicable affirmative defenses, and requested mediation.

[¶3]  The case was temporarily transferred to the District Court in Springvale for the Foreclosure Diversion Program.  The notification of the temporary transfer—signed by a deputy clerk—stated: "All further filings shall be sent to the SPRINGVALE DISTRICT COURT."  The parties subsequently participated in two mediation sessions, but were unable to reach a resolution. At the end of the second mediation session, the parties agreed that the mediation report would become final and the case would be returned to the foreclosure docket if neither party requested another mediation session by April 2, 2018.

[¶4]  Neither party requested further mediation, and, on April 9, 2018, the Morrisons filed a motion for judgment on the pleadings in the District Court

in Biddeford. *See* M.R. Civ. P. 12(c). In that motion, they asserted that First Financial's notice of default and the right to cure did not comply with the requirements of 14 M.R.S. § 6111 (2018).

[¶5] On May 2, 2018, First Financial filed a motion to dismiss its foreclosure complaint without prejudice, also in the District Court in Biddeford. The court signed an order granting the Morrisons' motion for judgment on May 4, 2018, but despite a clerk-created "stamp" that indicated that the order had been docketed and copies provided to counsel by mail on May 7, 2018, the order was *not* docketed until May 18, 2018. In the meantime, First Financial filed a response in opposition to the Morrisons' motion for judgment on May 8, 2018, in the District Court in Biddeford. In its response, First Financial admitted the defect in its notice of the right to cure, but urged the court to grant its motion for dismissal without prejudice.

[¶6] Although the docket record and date stamp suggest that First Financial's response was untimely, *see* M.R. Civ. P. 7(c)(2) (dictating that any opposition to a motion must be filed no later than twenty-one days after the filing of the motion), the record also contains an email from a clerk at the District Court in Springvale informing the judge that the response and the motion to dismiss "were filed prior to the expiration of the response period,

however, the Springvale office did not know they were filed because they were filed in Biddeford."

[¶7]  The Morrisons filed a response to First Financial's motion to dismiss on May 14, 2018, and asserted that there were no pending claims to dismiss because the court's order granting their motion for judgment—which still had not been docketed at that point—disposed of First Financial's complaint entirely.  The court summarily denied First Financial's motion to dismiss.  That order, and the order granting the Morrisons' motion for judgment were both docketed on May 18, 2018.

[¶8]  On July 11, 2018, First Financial filed in the District Court in Biddeford a motion for relief from judgment pursuant to M.R. Civ. P. 60(a) and (b) along with an accompanying affidavit.  In its motion, First Financial argued:

> The affidavit in support of this motion submitted herewith sets forth compelling facts for relief from the judgment if only to allow for the judgment to be redocketed to allow for the resetting of the [a]ppeal period.
>
> As is clear from the sworn statement the orders were docketed May 7 and May 17,[1] however, the Clerk's Office did not mail the Judgments issued by the Court until June 27 or June 28, received by

---

[1]  The docket record reflects that both orders were actually docketed on May 18, 2018.  Part of First Financial's confusion likely stemmed from a stamp on the court's order granting the Morrisons' motion for judgment that erroneously indicated the order was docketed on May 7, 2018.

Plaintiff's Counsel on June 29, a full 52 days following docketing of the order to Dismiss and 42 days following the order dismissing the Motion to Dismiss.

In order to do substantial justice, the docket date should be revised. Pursuant to Rule 60(a) to reset the docketing or the order dismissing the action originally docketed May 7 [*sic*].

Assuming Arguendo that this is not a clerical error within the meaning of Rule 60(a), the movement [*sic*] prays that the Court take notice of the prejudice to the Movant which has lost its appeal rights by excusable neglect by relying upon the Clerk's usual good practice and the documented efforts to communicate with the Clerk's Office which proved to be inadequate.

The Morrisons filed a timely response, in which they argued that First Financial's motion for relief was, in effect, a motion for an extension of time to file an appeal and that such relief was not available pursuant to M.R. Civ. P. 60. The court summarily denied First Financial's motion for relief on September 12, 2018.

[¶9]  First Financial timely appealed from that judgment.  *See* 14 M.R.S. § 1901(1) (2018); M.R. App. 2B(c)(1).

## II.  LEGAL ANALYSIS

[¶10]  We begin our analysis by acknowledging that the management of this case—including the failure to send First Financial copies of the orders from which it now seeks relief until the very end of June 2018 despite the fact that those orders were docketed on May 18, 2018—was less than ideal.  This delay

6

contravened M.R. Civ. P. 77(d), which mandates that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in a manner provided for in Rule 5."

[¶11] Because the clerk's office failed to notify First Financial of the entry of the judgments before the twenty-one day appeal period expired, *see* M.R. App. P. 2B(c)(1), the court should have treated First Financial's motion for relief pursuant to M.R. Civ. P. 60(a) and (b) as a motion for extension of time to file a notice of appeal pursuant to M.R. App. P. 2B(d)(2) and allowed First Financial the opportunity to appeal from the judgments.[2] *See* M.R. App. P. 2(b)(5) advisory notes to 2004 amend., Jan. 2004, *Maine Appellate Practice* 56-58 (5th ed. 2018) (stating that the purpose of M.R. App. P. 2(b)(5)(B)—now restyled as M.R. App. P. 2B(d)(2)—is to give courts "some flexibility to mitigate the potentially harsh [e]ffects of a failure to notify parties of entry of a judgment"); *cf. Cushing v. Cushing*, 2016 ME 112, ¶¶ 8-9, 144 A.3d 588.

---

[2] M.R. App. P. 2B(d)(2) states in full:

> An extension of the time to file the notice of appeal exceeding 21 days, but not exceeding 140 days, from the expiration of the original time for filing an appeal prescribed by Rule 2B(b) or 2B(c) may be granted by the trial court on a motion with notice only upon a showing that (A) the trial court clerk, although required to do so, failed to send notice of the entry of judgment to the moving party; and (B) the moving party did not otherwise learn of the entry of judgment; and (C) any other party will not be unfairly prejudiced by the extension of time to file the notice of appeal.

[¶12]   Nevertheless, in the particular circumstances of this case, the court's error in not extending the time for First Financial to appeal was harmless because First Financial conceded that its notice of the right to cure did not comply with the requirements of 14 M.R.S. § 6111.  *See Greaton v. Greaton*, 2012 ME 17, ¶ 7, 36 A.3d 913 ("In appealing a judgment, it is not enough to challenge procedural errors allegedly made by the trial court without also showing actual error in the judgment."); *Shaw v. Packard*, 2005 ME 122, ¶ 13, 886 A.2d 1287 ("Any alleged error of the trial court that does not affect the substantial rights of a party is harmless and therefore must be disregarded.").

[¶13]   In its response to the Morrisons' motion for judgment, First Financial stated:

> [First Financial] admits the technical defect in the notice and the requirements of the law and has separately moved that the Complaint be Dismissed Without Prejudice.  [First Financial] prays that such dismissal be granted.  [The Morrisons] are seeking a Dismissal With Prejudice which, under these circumstances, would be disproportionate.

Contrary to First Financial's contentions, we have repeatedly held that when a notice of the right to cure is defective, the mortgagor is entitled to judgment on the merits.  *See U.S. Bank Trust, N.A. v. Mackenzie*, 2016 ME 149, ¶ 11 n.6, 149 A.3d 267; *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶¶ 7-11, 123 A.3d 216; *see also Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18,

8

96 A.3d 700 (stating that "evidence of [a] properly served notice of default and mortgagor's right to cure in compliance with statutory requirements" is an essential element to support a judgment of foreclosure). Thus, the court did not err in granting the Morrisons' motion for judgment and denying First Financial's motion for dismissal without prejudice.[3]

[¶14] Perhaps recognizing the difficulty of its position, First Financial raises a number of arguments on appeal regarding the judgments that it did not raise at the trial court level. It contends that its arguments are not waived because it "could not bring these issues to the attention of the court prior to taking this appeal." That is not accurate; First Financial had notice of the Morrisons' motion for judgment on the pleadings and the opportunity to raise these arguments in its response to that motion. *See Guardianship of Jones*, 2017 ME 125, ¶ 19, 164 A.3d 969 ("The essence of due process is notice and an opportunity to be heard."). Its failure to do so was not precipitated in any way by actions of the court or the clerk's office and thus the issues are waived. *See McMahon v. McMahon*, 2019 ME 11, ¶ 16, 200 A.3d 789 ("It is a well settled

---

[3] We note that although the record is somewhat ambiguous regarding the timeliness of First Financial's response to the Morrisons' motion for judgment, our decision is the same regardless because "[a] party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion." M.R. Civ. P. 7(c)(3).

universal rule of appellate procedure that a case will not be reviewed by an appellate court on a theory different from that on which it was tried in the court below."); *Teele v. West-Harper*, 2017 ME 196, ¶ 11 n.4, 170 A.3d 803 ("[A] party waives an issue on appeal by failing to raise it in the trial court, even where the issue relates to a constitutional protection.").

The entry is:

Judgment affirmed.

John F. Lambert, Jr., Esq. (orally), Lambert Coffin, Portland, for appellant First Financial, Inc.

Bridget McMahon, Esq. (orally), Legal Services for the Elderly, Scarborough, for appellees Peter and Judith Morrison

Biddeford District Court docket number RE-2017-67
For Clerk Reference Only