MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:       2020 ME 104
Docket:         Cum-19-489
Submitted
  On Briefs:    July 21, 2020
Decided:        August 13, 2020

Panel:          MEAD, GORMAN, and JABAR, JJ., and HJELM, A.R.J.

U.S. BANK TRUST, N.A.

v.

JAMES D. KEEFE


JABAR, J.

[¶1]  U.S. Bank Trust, N.A., as Trustee for the LSF9 Master Participation Trust (U.S. Bank), appeals from a judgment entered by the Superior Court (Cumberland County, *Mills, J.*) denying its motion to extend the time to file a notice of appeal as to its foreclosure complaint against James D. Keefe.  *See* M.R. App. P. 2B(d)(1).  U.S. Bank contends that the trial court erred by denying the motion to extend the time to file as untimely.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  During the bench trial held on U.S. Bank's complaint, U.S. Bank was unable to produce admissible evidence sufficient to establish that it had standing to foreclose, and it moved for a dismissal of its complaint without prejudice.  Keefe, in turn, moved for a judgment as a matter of law, *see* M.R.

2

Civ. P. 50(d), or, alternatively, a dismissal with prejudice. The trial court entered judgment on July 9, 2019, denying U.S. Bank's motion to dismiss without prejudice and granting Keefe's motion for a judgment as a matter of law. *See* M.R. Civ. P. 50(d).

[¶3] On July 29, 2019, within the time limit for filing a notice of appeal set forth in M.R. App. P. 2B(c)(1), U.S. Bank filed a notice of appeal with the Superior Court. However, relying on an erroneous fee figure published in Maine Judicial Branch materials, U.S. Bank remitted an insufficient filing fee with its notice of appeal. The clerk returned the notice to U.S. Bank, along with a letter stating that the notice was not accepted and that any applicable filing deadlines had not changed. U.S. Bank remitted the correct filing fee on August 5, 2019, including with the fee a letter explaining the reason for its mistake. Although the August 5 notice of appeal was filed outside of the twenty-one-day window for filing, *see* M.R. App. P. 2B(c)(1), U.S. Bank did not also file a motion with the trial court seeking an extension of the time to file, *see* M.R. App. P. 2B(d)(1).

[¶4] The Superior Court transmitted the case to the Supreme Judicial Court, sitting as the Law Court, on August 7, 2019. On August 12, 2019, we entered an order dismissing the appeal as untimely. *See* M.R. App. P. 2B(c)(1).

U.S. Bank filed a "Motion for Reconsideration and Motion to Extend Time for Filing" in this Court on August 16, 2019. We treated the motion as a motion to extend time for filing only[1] and denied the motion, concluding that jurisdiction had reverted to the trial court on August 12.

[¶5]  U.S. Bank filed a motion in the Superior Court seeking an extension of time to file its notice of appeal, *see* M.R. App. P. 2B(d)(1), on August 28, 2019. In an order entered October 30, 2019, the trial court denied U.S. Bank's motion. The trial court determined that U.S. Bank had shown "good cause for the trial court to grant [U.S. Bank's] motion to extend because [U.S. Bank] was misled by the court's guide, which provided incorrect information."[2]  However, the court also concluded that its authority to grant an extension of time, conferred by Rule 2B(d)(1), had expired prior to the filing of U.S. Bank's August 28 motion and that the motion was therefore untimely.  U.S. Bank timely appealed the judgment.  *See* 14 M.R.S. § 1851 (2020); M.R. App. P. 2B(c)(1).

---

[1] Our August 27 order stated, "U.S. Bank Trust's arguments do not challenge this Court's reasoning or the propriety of the dismissal.  Instead, they seek an enlargement of time to file the appeal."

[2] The online fee schedule published by the Judicial Branch has since been corrected and accurately reflects court fees as set forth in our recent administrative order.  Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-05-26 (as amended by A. 7-20.2) (effective July 27, 2020).

## II. DISCUSSION

[¶6]  "We review a trial court's interpretation of procedural rules de novo," *State v. St. Onge*, 2011 ME 73, ¶ 17, 21 A.3d 1028, "and look to the plain language of the rules to determine their meaning," *Kline v. Burdin*, 2017 ME 194, ¶ 7, 170 A.3d 282 (quotation marks omitted).

[¶7]  Maine Rule of Appellate Procedure 2B(c)(1) provides, "The time within which an appeal may be taken in a civil case shall be 21 days after entry into the docket of the judgment or order appealed from, unless a shorter time is provided by law."  Rule 2B(d)(1) then provides for an extension of this filing deadline:

> Upon a showing of good cause, the trial court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed *for a period not to exceed 21 days from the expiration of the original time for filing an appeal* prescribed by Rule 2B(b) or 2B(c).

M.R. App. P. 2B(d)(1)(emphasis added).

[¶8]  Contrary to U.S. Bank's contentions, the trial court did not err in concluding that U.S. Bank's motion was untimely and that therefore the court did not have the authority under the Maine Rules of Appellate Procedure to grant the motion.  *See* M.R. App. P. 2B(c)(1), (d)(1).  The time period during which the trial court possessed authority to extend the time to file a notice of

appeal was not extended or enlarged by U.S. Bank's intervening motion to the Law Court. *See Remick v. Erin, Inc.,* 414 A.2d 896, 897 (Me. 1980) (holding that an untimely notice of appeal precludes our review).

[¶9]  The trial court's finding of good cause for U.S. Bank's original late filing does not demand vacatur of the trial court's order, as U.S. Bank argues. U.S. Bank failed to timely file a motion to extend time in the appropriate court, even after it had been notified that its appeal had been dismissed and the matter remained in the Superior Court.  Our order denying U.S. Bank's motion for reconsideration pointed out that our order did "not prevent" U.S. Bank from filing such a motion in the trial court, and it noted that U.S. Bank should have moved for an enlargement at the time it first filed its late notice of appeal.  U.S. Bank failed to timely move for an extension of time in the appropriate court. When, on August 28, U.S. Bank filed a motion in the correct court to enlarge the appeal period, the greatest period of enlargement that, by rule, the court could allow had already expired.  *See Rice v. Amerling*, 433 A.2d 388, 392-93 (Me. 1981) ("[T]he application for the enlargement must be filed [within the time period prescribed by the Rules].  If that is not done, any subsequent determination of excusable neglect . . . is insufficient" to allow our review "as a result of the filing of the notice of appeal." (emphasis omitted)).

[¶10]  The trial court did not err in its interpretation of the relevant Rules of Appellate Procedure or in denying U.S. Bank's untimely motion for an extension of time.

The entry is:

Judgment affirmed.

_____

John A. Doonan, Esq., and Reneau J. Longoria, Esq., Doonan, Graves & Longoria, LLC, Beverly, Massachusetts, for appellant U.S. Bank Trust, N.A.

Jason J. Theobald, Esq., and Richard P. Olson, Esq., Curtis Thaxter LLC, Portland, for appellee James D. Keefe

Cumberland County Superior Court docket number RE-2017-104
FOR CLERK REFERENCE ONLY