MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2022 ME 56
Docket:         Yor-22-60
Submitted
  On Briefs:    September 21, 2022
Decided:        November 15, 2022

Panel:          STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

IVAN J. DAVIES

v.

MARY T. DAVIES

CONNORS, J.

[¶1]  Mary T. Davies appeals from an order entered by the District Court (Biddeford, *Mulhern, J.*) striking her "motion to reopen evidence" on Ivan J. Davies's motion to modify child support because she failed to pay a filing fee.  Mary contends that the trial court erred by interpreting the administrative order setting forth the court fees schedule, Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-05-26 (as amended by A. 2-21.2) (effective Feb. 11, 2021),[1] as requiring a filing fee for a motion filed

---

[1]  Me. Admin. Order JB-05-26 has recently been amended but not in any way that affects this appeal.  *See* Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-05-26 (as amended by A. 6-22) (effective June 1, 2022).

pursuant to M.R. Civ. P. 59 where the only issue in the underlying matter is child support.  We agree and vacate the judgment.

## I.  BACKGROUND

[¶2]  Ivan and Mary divorced in 2007.  At the time of the divorce, the parties had two minor children, and Ivan was ordered to pay Mary child support in the amount of $910 per month.

[¶3]  In 2018, Ivan filed a motion to modify child support, seeking a reduction in his support obligation because the parties' oldest child had reached nineteen years of age and had graduated from high school. *See* 19-A M.R.S. § 2006(8)(G)(1)-(2) (2022).  On November 22, 2021, after a hearing, the trial court entered an order granting Ivan's motion, reducing his child support obligation to $455 per month, retroactive to when the motion was served on Mary.

[¶4]  On November 30, 2021, Mary attempted to file a "motion to reopen evidence" pursuant to M.R. Civ. P. 59(a), asserting that she had discovered evidence that was unavailable at the time of the hearing and would show that Ivan's actual income in 2021 was significantly higher than the income imputed to him by the trial court in its order.  By a notice dated December 14, 2021, the clerk returned Mary's motion for failing to include the filing fee required by

Me. Admin. Order JB-05-26. *See* M.R. Civ. P. 5(f) ("Filings that are received but which are not . . . accompanied at the time of filing by a legally required element, including but not limited to, a filing fee, . . . shall be returned by the clerk as incomplete."). Six days later, Mary refiled her "motion to reopen evidence," again without the fee. In the cover letter accompanying the refiled motion, Mary requested that her motion be restored to the docket as of the original filing date, arguing that Me. Admin. Order JB-05-26 "explicitly exempts from any filing fee a Rule 59 Motion related to an underlying motion to modify child support order." On February 14, 2022, the trial court entered an order, stating that

> while [Ivan] may have been exempted from a filing fee when he filed the motion to modify, [Mary's] Rule 59(a) Motion to Reopen Evidence is a separate filing for . . . which a filing fee is required.
>
> [Mary's] Rule 59(a) Motion to Reopen Evidence was properly rejected as incomplete for lack of a filing fee on November 30, 202[1]. It similarly should not have been accepted for filing on December 20, 2021. The Motion to Reopen Evidence filed on December 20, 2021 is hereby STRICKEN. No action will be taken on that motion as it is not properly before the Court.

Mary timely appealed. *See* 14 M.R.S. § 1901(1) (2022); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] Mary contends that the trial court erred by interpreting the court fees schedule as requiring a filing fee for her motion to reopen evidence. "We

review a trial court's interpretation of procedural rules de novo and look to the plain language of the rules to determine their meaning." *U.S Bank Tr., N.A. v. Keefe*, 2020 ME 104, ¶ 6, 237 A.3d 904 (citation and quotation marks omitted).

[¶6] Me. Admin. Order JB-05-26 sets forth the Judicial Branch's schedule of court fees. The relevant provision states that a $60 fee is required when

> [f]iling a Motion pursuant to M.R. Civ. P. 55(b)(2), 59, 60(b), 62, or 66, except there shall be no fee for the following:
>
> - Motion to Modify or Enforce a Child Support Order
>
> - Motion for Contempt alleging the failure to pay child support
>
> - Motion for Contempt filed by a plaintiff in a Protection from Abuse Action
>
> - Motion for Contempt filed by a plaintiff in a Protection from Harassment action involving domestic violence, stalking, sexual assault, sex trafficking, or unauthorized dissemination of certain private images

Me. Admin. Order JB-05-26 § I(A)(3)(y) (footnotes omitted). This provision further states:

> A motion or stipulation to modify or enforce a child support order may include a request for attorney fees and still be exempt from the post-judgment filing fee. A fee will be charged for a post-judgment motion or stipulation that raises additional issues. For example, a motion or stipulation seeking both a change in visitation and modification of child support requires payment of the fee.

*Id.* § I(A)(3)(y) n.16.

[¶7]   Hence, the question presented in this appeal is whether the administrative order exempts the fee requirement for post-judgment motions—here, a motion filed pursuant to Rule 59(a)—when the underlying matter is solely a motion to modify or enforce a child support order.

[¶8]  We start with the plain language of the administrative order, taking into account the purpose of the order, and our analysis ends there if the meaning is clear.  *See Higgins v. Wood*, 2018 ME 88, ¶ 58, 189 A.3d 724 (Jabar, J., dissenting) (stating that, as with statutes, we interpret court orders based on their plain language); *Dickau v. Vt. Mut. Ins.*, 2014 ME 158, ¶ 21, 107 A.3d 621 ("[W]e must interpret the plain language by taking into account the subject matter and purposes of the statute, and the consequences of a particular interpretation."); *Russell v. ExpressJet Airlines, Inc.*, 2011 ME 123, ¶ 16, 32 A.3d 1030 (stating that our analysis of a statute ends with its plain language when the statute's meaning is clear and the result is not illogical or absurd).  In so reviewing plain language, we must reject interpretations that do not give meaning to every word in the text.  *State v. Dubois Livestock, Inc.*, 2017 ME 223, ¶ 8, 174 A.3d 308; *see also Cent. Me. Power Co. v. Devereux Marine, Inc.*, 2013 ME 37, ¶ 15, 68 A.3d 1262; *Cobb v. Bd. of Counseling Pros. Licensure*, 2006 ME 48, ¶ 20, 896 A.2d 271.

6

[¶9]  Applying these rules of statutory construction, the plain language of the administrative order imposes a fee except as to "a Motion pursuant to M.R. Civ. P. 55(b)(2), 59, 60(b), 62, or 66" for a series of motions, including a "Motion to Modify or Enforce a Child Support Order."  Me. Admin. Order JB-05-26 § I(A)(3)(y).  A motion to modify or enforce child support is governed by M.R. Civ. P. 107(a)(1) if it is a pre-judgment motion and by M.R. Civ. P. 120(a) if it is a post-judgment motion.  In other words, there is no such thing as a motion to modify or enforce a child support order "pursuant to M.R. Civ. P. 55(b)(2), 59, 60(b), 62, or 66."  But there clearly is an exception to the fee requirement for a motion under those rules that involves "a Motion to Modify or Enforce a Child Support Order."  Me. Admin. Order JB-05-26 § I(A)(3)(y).  That exception makes sense if, and only if, we interpret it to apply to a Rule 59 motion seeking a new trial on a modify or enforce a child support order—exactly what Mary's motion was attempting to do.  It follows that the only reading of our administrative order that gives any meaning at all to the exception is one that exempts the filing fee when the purpose of "a Motion pursuant to M.R. Civ. P. 55(b)(2), 59, 60(b), 62, or 66" is to address the modification or enforcement of child support.  Me. Admin. Order JB-05-26 § I(A)(3)(y); *see Cobb*, 2006 ME 48, ¶ 20,

896 A.2d 271 ("[B]ecause no language is to be treated as surplusage if it can be reasonably construed, we must give meaning to this language.").

[¶10]  This reading does not result in an illogical or absurd result, *see Dickau*, 2014 ME 158, ¶ 21, 107 A.3d 621, but rather is consistent with the purpose of the fee exemption—to exempt fees in the context of proceedings solely addressing child support, *see generally* 19-A M.R.S. § 2202(1) (2022). Therefore, we need go no further than the text of the administrative order.[2] *See Russell*, 2011 ME 123, ¶ 16, 32 A.3d 1030.  Because Mary was not required to pay a filing fee, we vacate the trial court's order striking Mary's motion to reopen evidence and remand to the trial court to restore her motion to the docket as of the original filing date of November 30, 2021.

The entry is:

> Judgment vacated.  Remanded to the District Court for further proceedings consistent with this opinion.

---

[2]  Because we conclude that no fee is required to file a post-judgment motion in matters dealing with child support only, we need not reach Mary's alternative argument that her failure to pay a filing fee should be excused for good cause.

8

Dori F. Chadbourne, Esq., Chadbourne Law Offices, P.A., Cumberland, for appellant Mary T. Davies

Craig J. Rancourt, Esq., Law Offices of Craig J. Rancourt, P.A., Biddeford, for appellee Ivan J. Davies

Biddeford District Court docket number FM-2006-496
FOR CLERK REFERENCE ONLY