MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2023 ME 13
Docket:         Ken-21-357
Argued:         October 5, 2022
Decided:        February 14, 2023

Panel:          STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

## STEPHEN T. WITHAM

v.

## BOARD OF TRUSTEES OF THE MAINE CRIMINAL JUSTICE ACADEMY

LAWRENCE, J.

[¶1]  Stephen T. Witham appeals from a judgment of the Superior Court (Kennebec County, *Murphy, J.*) affirming a decision of the Board of Trustees of the Maine Criminal Justice Academy (the Board) adopting a hearing officer's recommended decision to revoke Witham's certificate of eligibility as a law enforcement officer.  *See* 25 M.R.S. § 2806-A(4)(C), (5)(F), (6)(D) (2022); *see also* 17-A M.R.S. § 1057(1)(B), (6) (2022).

[¶2]  The Board appeals from an order of the court granting Witham's motion for an extension of time to file his notice of appeal, contending that the court erred in granting Witham's motion.[1]  *See* M.R. App. P. 2B(d).  We agree

---

[1]  We consolidated the appeals.

2

that the court erred in granting Witham's motion for an extension, and we vacate the court's order and dismiss Witham's appeal as untimely.

## I. BACKGROUND

[¶3]  The following procedural history is drawn from the record.  On April 13, 2020, Witham filed a petition pursuant to M.R. Civ. P. 80C in the Superior Court for review of the Board's decision adopting a hearing officer's recommendation to revoke his certificate of eligibility as a law enforcement officer.  On May 25, 2021, the court entered a judgment affirming the Board's decision (the 80C judgment).  The docket states that copies of the 80C judgment were "sent to Parties/Counsel."

[¶4]  On November 1, 2021, 160 days after the entry of the 80C judgment, Witham filed a notice of appeal in the Superior Court together with a motion for an extension of time to file a notice of appeal.  Witham attached an affidavit from his counsel to the motion.  He stated that he and his counsel did not learn about the entry of the 80C judgment until October 22, 2021, and that it appeared that the 80C judgment "was not delivered" to counsel due to a postal service oversight.[2]  The Board opposed Witham's motion.

---

[2]  Counsel attested in his affidavit, inter alia, as follows: the court's file reflected that the 80C judgment was sent to the parties, the address for his law firm was correct in the court's file, and he

[¶5]   In an order entered on December 13, 2021, the court granted Witham's motion for an extension.[3]   The Board timely appealed the court's order, *see* M.R. App. P. 2B(c), moved for the court to reconsider the order, arguing that there was "no basis" for the court to find that Witham satisfied the required showing that the clerk failed to send his counsel notice of entry of the 80C judgment, and moved for the court to make the findings of fact "necessary for a ruling on Witham's motion to enlarge time."[4]

[¶6]   On February 1, 2022, the court denied the Board's motion to reconsider.  The court stated that although "no one could possibly reconstruct precisely what occurred," the court "was persuaded by the affidavit" of Witham's counsel; that there was a "fraying" of the clerks' standards, despite the clerks' diligent efforts, due to difficulties caused by the pandemic; and that good cause existed to permit Witham's late filing.

---

believed that the 80C judgment "was not delivered to [his] office due to an oversight" by the postal service.

[3] Initially the court had denied Witham's motion in response to our November 5, 2021, order dismissing his appeal as untimely.  However, on November 23, 2021, we granted in part Witham's motion for reconsideration of our order dismissing his appeal, vacated that order, and directed the court "to act on Witham's motion to enlarge the time for the appeal."

[4] Upon the Board's request, we allowed the court to act on the Board's motion to reconsider the order and to make findings of fact.

4

## II. DISCUSSION

[¶7]  The Board argues that the court failed to require "Witham to show the three conditions mandated by M.R. App. P. 2B(d)(2) to obtain an extension of more than 21 days" and "erroneously applied the 'good cause' standard of M.R. App. P. 2B(d)(1) applicable to extensions of up to 21 days."  Specifically, the Board contends that Witham did not allege or show that the clerk failed to send his counsel notice of entry of the 80C judgment, the docket reflects that the clerk did send copies of the 80C judgment to the parties' counsel, and "there was no dispute that the Board had received its copy."  Witham contends that the court reasonably exercised its discretion, the court's order reflects a finding that it was more likely than not that the docket was wrong, it was not possible for him to prove that the clerk did not send the 80C judgment, his submissions had previously reached the court via the postal service,[5] the 80C judgment was entered during the pandemic, and the Board did not argue that it was prejudiced by the extension.

---

[5]  This contention perhaps represented an attempt to walk back Witham's initial suggestion that a copy of the 80C judgment was not delivered to his counsel due to an oversight by the postal service.

[¶8]  We agree that the court erred.  We review de novo the plain language of M.R. App. P. 2B(d)(2).[6]  *See U.S. Bank Tr., N.A. v. Keefe*, 2020 ME 104, ¶ 6, 237 A.3d 904.  Pursuant to that Rule, a court may grant an extension for a period not to exceed 140 days from the expiration of the original appeal deadline[7] "only upon a showing that," inter alia, "the trial court clerk, although required to do so, failed to send notice of the entry of judgment to the moving party."  M.R. App. P. 2B(d)(2); *see Cushing v. Cushing*, 2016 ME 112, ¶¶ 8-9, 144 A.3d 588; *see also* M.R. App. P. 2 Advisory Notes – January 2004.

[¶9]  Here, Witham's counsel alleged in his affidavit that the clerk's office had the correct address and that he believed the 80C judgment "was not delivered to [his] office due to an oversight by the US Postal Service."[8]  Witham concedes that the docket reflects that copies of the 80C judgment were "sent to

---

[6]  The full text of M.R. App. P. 2B(d)(2) reads, "An extension of the time to file the notice of appeal exceeding 21 days, but not exceeding 140 days, from the expiration of the original time for filing an appeal prescribed by Rule 2B(b) or 2B(c) may be granted by the trial court on a motion with notice only upon a showing that (A) the trial court clerk, although required to do so, failed to send notice of the entry of judgment to the moving party; and (B) the moving party did not otherwise learn of the entry of judgment; and (C) any other party will not be unfairly prejudiced by the extension of time to file the notice of appeal."

[7]  The original appeal deadline in this case was twenty-one days after the entry of the 80C judgment on the docket.  *See* M.R. App. P. 2B(c)(1).

[8]  In Witham's reply to the Board's opposition to his motion for an extension, his contention shifted to merely allege that the clerk's docket entry indicating that the 80C judgment was sent to him "*may have been erroneous.*"

Parties/Counsel," and Witham agreed at oral argument that the record reflected that the Board's counsel received a copy of the 80C judgment.

[¶10]  Despite the plain language of M.R. App. P. 2B(d)(2) and the Board's motion for the court to make findings of fact, the court did not determine that the clerk failed to send notice of the entry of the 80C judgment to Witham and instead stated that "no one could possibly reconstruct precisely what occurred here."[9]  *Cf. First Fin., Inc. v. Morrison*, 2019 ME 96, ¶¶ 10-11, 210 A.3d 811 (stating that "the clerk's office failed to notify" a party "of the entry of the judgments before the twenty-one day appeal period expired"); *Bourke v. City of S. Portland*, 2002 ME 155, ¶ 2, 806 A.2d 1255 ("The docket sheet recites that copies [of the judgment] were mailed to counsel . . . but it is undisputed that no copies were mailed."); *Harris Baking Co. v. Mazzeo*, 294 A.2d 445, 448 (Me. 1972) (explaining that "nothing appears on the docket informing that copies" of the decision "had been mailed to the attorneys").  Absent this required finding, Witham's motion for an extension of time to file his notice of appeal could not be granted.  *See* M.R. App. P. 2B(d)(2); *see also Sulikowski v. Sulikowski*,

---

[9]  Although the court stated that it was persuaded by counsel's affidavit and had "no reason to doubt" the affidavit's recitation of the "timeline of events," the affidavit asserts only counsel's belief that the postal service was to blame.  Further, although the court did point to a "fraying" of the clerks' standards and explained that clerks were "consistently behind in docketing" due to the pandemic, the court also stated that the postal service "cannot be relied upon" and sometimes "simply fail[s] to make deliveries" and that local attorneys "are keenly aware of these issues."

2019 ME 143, ¶¶ 8, 11, 22, 216 A.3d 893 (stating that "[w]hen a party's motion for further findings . . . has been denied," we limit "our review to the court's explicit findings" and "cannot infer findings from the evidence in the record").

[¶11]   Finally, although the court determined that "good cause exists to permit the late filing," and a court may grant an extension pursuant to M.R. App. P. 2B(d)(1) "[u]pon a showing of good cause . . . for a period not to exceed 21 days from the expiration of the original time for filing an appeal," Witham filed his notice of appeal beyond the extension that M.R. App. P. 2B(d)(1) permits, and there is no such good cause standard in M.R. App. P. 2B(d)(2).   *See U.S. Bank Tr., N.A.*, 2020 ME 104, ¶¶ 6-7, 9, 237 A.3d 904.   Thus, the court erred in granting Witham's motion for an extension of time to file his notice of appeal, and we vacate the court's order.

[¶12]   Consequently, we conclude that Witham's notice of appeal, filed 160 days after the entry of the 80C judgment, was untimely.   *See* M.R. App. P. 2B(c)(1).   "Because the time requirements for taking an appeal are jurisdictional," we must dismiss Witham's appeal due to its untimeliness.   *Est. of Sheltra*, 2020 ME 108, ¶ 21, 238 A.3d 234 (quotation marks omitted) (explaining that strict compliance with time limits is a precondition for

8

consideration of an appeal); *see also Flores v. Otis*, 2015 ME 132, ¶ 9, 125 A.3d

721; *Collins v. Dep't of Corr.*, 2015 ME 112, ¶ 10, 122 A.3d 955.[10]

The entry is:

> The order granting Stephen T. Witham's motion for an extension of time to file his notice of appeal of the Superior Court judgment affirming the decision of the Board of Trustees of the Maine Criminal Justice Academy is vacated. Witham's appeal is dismissed as untimely.

---

Michael A. Cunniff, Esq. (orally), McCloskey, Mina, Cunniff & Frawley, LLC, Portland, for appellant Stephen T. Witham

Aaron M. Frey, Attorney General, and Andrew L. Black, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Board of Trustees of the Maine Criminal Justice Academy

Kennebec County Superior Court docket number AP-2020-19
FOR CLERK REFERENCE ONLY

---

[10] We therefore do not consider any of the arguments set forth in Witham's proscribed appeal.